LANE ROBERTSON, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 9704

June 15, 1977                    565 P.2d 647

*Morgan D. Harris,* Public Defender, and *Terrence M. Jackson,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Douglas Clark,* Deputy District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

A True Bill, returned by the Clark County Grand Jury, resulted in Lane Robertson being indicted on five counts of robbery with use of a deadly weapon (NRS 200.380 and 193.-165) and one count of possession of stolen credit cards (NRS 205.730). A pretrial petition for a writ of habeas corpus contended the indictment must be dismissed because (1) there was insufficient evidence presented to the grand jury to establish probable cause to believe he participated in the alleged robbery; and, (2) an element of robbery is absent in the facts as presented by the prosecuting attorney. Habeas was denied and Robertson has appealed.

The record establishes that on December 21, 1976, two or three men wearing ski masks entered the Nite-Twain Bar in Las Vegas, robbed the customers, and took over $1500 from the cash register. The bartender was in the men's room when the robbers entered the bar; he heard the robbery in progress and remained in the men's room out of fear.

1.  A search of Robertson's apartment, made pursuant to a warrant issued seven weeks after the incident, resulted in the seizure of three ski masks, later identified as the same type used by the perpetrators of the crimes, and sixteen identification and credit cards taken from the victims. When Robertson was

booked the police found another credit card taken at the Nite-Twain Bar. Such evidence supports a reasonable inference that Robertson participated in the robberies.

2. In support of his second contention Robertson argues that, since the bartender was in the restroom throughout the incident, the $1500 was not taken from the person or presence (of the bartender) as required by NRS 200.380;[1] therefore, the bartender was never robbed. We cannot ascribe to such a narrow definition of "presence." The generally accepted definition states that "[a] thing is in the presence of a person, in respect to robbery, which is so within his reach, inspection, observation or control, that he could, if not overcome by violence or prevented by fear, retain his possession of it." Commonwealth v. Homer, 127 N.E. 517, 520 (Mass. 1920), *cited with approval in* United States v. Dixon, 469 F.2d 940 n. 22 (D.C. Cir. 1972), *and quoted in* R. Perkins, Criminal Law 282 (2d ed. 1969). Here, the record supports the trial judge's determination that the bartender was prevented by fear from retaining possession of the money; and, that it was, therefore, taken from the bartender's presence.

Affirmed.

---

[1]NRS 200.380 provides in part:

"Robbery is the unlawful taking of personal property *from the person of another, or in his presence,* against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of anyone in his company at the time of the robbery." (Emphasis added.)