JESSE WILLARD PHILLIPS, Jr. Appellant, v. THE STATE OF NEVADA, Respondent.

No. 14437

September 27, 1983                    669 P.2d 706

*David G. Parraguirre,* Public Defender, and *James R. Lucas,* Deputy Public Defender, Washoe County, for Appellant.

*Mills B. Lane III,* District Attorney, and *Michael L. Mahaffey,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted Jesse Willard Phillips, Jr., the appellant, of (1) two counts of robbery with the use of a deadly weapon; (2) burglary; and (3) escape. On appeal, appellant urges that the conviction for one of the robbery counts must be reversed since there was no evidence that the victim had any interest in the property taken in the robbery. We agree, and accordingly reverse the robbery conviction on that count.

### THE FACTS

On April 10, 1982, appellant entered a jewelry store planning to rob it. Displaying a pellet pistol, appellant forced the proprietor of the store and two employees into a back room where he taped their hands together and gagged one employee. A customer entered the store. Appellant bound and gagged the customer as well, and carried him back into the shop where he placed him behind the service counter. Appellant then forced the proprietor to show him the cash box, and the bag with the daily receipts. Appellant took the contents of these bags as well as eight diamond rings and sixty-six gold chains.

The police arrived on the scene. Appellant came out of the store with his hands raised. The officers twice attempted to search the appellant. Despite being held under guard with a .12 gauge shotgun, appellant ran. He was apprehended two blocks away after being shot.

### CHARGE OF ROBBERY OF THE CUSTOMER

The jury found appellant guilty of two counts of robbery. The first count involved the store owner and is not appealed.

The second count was based upon an indictment stating that appellant "did willfully and unlawfully take personal property, to wit, United States currency, various checks to JAY'S JEW-ELERS and numerous items of jewelry, in the presence of JOHN LESLIE LAKE [the customer who entered the store], . . . , against his will, and by means of force and violence and fear of immediate and future injury to his person . . . ." The court permitted this count to go to the jury over appellant's objection by way of motion to dismiss. This was error.

The issue centers on the construction of Nevada Revised Statute Section 200.380, defining robbery.[1] The state argues that one is robbed if he is present during a taking of an item of personal property, regardless of whether he has any interest in the item taken, provided only that he is "subjected to force in order to facilitate [the] taking." This test, however, ignores other essential elements of the offense. Just as we are unwilling to read an unstated element into a silent statute, *see* Litteral v. State, 97 Nev. 503, 508, 634 P.2d 1226, 1228-1229 (1981), so are we unwilling to ignore one that is stated.

We set forth a definition of "presence" in Robertson v. Sheriff, 93 Nev. 300, 302, 565 P.2d 647, 648 (1977). "The generally accepted definition states that '[a] thing is in the presence of a person, in respect to robbery, which is so within his reach, inspection, observation or control, that he could, if not overcome by violence or prevented by fear, *retain his possession* of it.' " (Emphasis added.) We held that a bartender was present despite his remaining in a washroom throughout the robbery of the bar. We noted that "the bartender was prevented by fear from *retaining possession* of the money." *Id*. (Emphasis added.)

If the statute meant that robbery was limited to a taking from only the person, the holding would have been different in *Robertson*. To preclude such a result, the phrase "in his presence" was added to increase the area in which a taking by force

---

[1]NRS 200.380(1) provides:

1. Robbery is the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of anyone in his company at the time of the robbery. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking, in either of which cases the degree of force is immaterial. If used merely as a means of escape, it does not constitute robbery. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

or fear constituted the crime of robbery. W. LaFave & A. Scott, Handbook on Criminal Law, sec. 94 (1972); 4 C. Torcia, Wharton's Criminal Law, sec. 482 (14th ed. 1981); 2 Bishop on Criminal Law, secs. 1177-1178 (9th ed. 1923). But the element of possession must still be satisfied. Robertson v. Sheriff, 93 Nev. at 302, 565 P.2d at 648; State v. Nelson, 11 Nev. 334, 339 (1876) (stage coach driver under prior statute omitting "presence"); *see also* People v. Ramos, 639 P.2d 908, 927-929 (Cal. 1982) *reversed on other grounds sub nom.* California v. Ramos, 103 S.Ct. 3446 (1983), (two counts where co-employees had joint possession).

The record shows that the customer had no possessory interest in any of the property taken. Whatever crimes might be chargeable for appellant's assault of the customer, robbery was not one of them. Accordingly, the conviction for robbery of the customer must be set aside.

Other assigned errors have been considered and are rejected for lack of merit.

Reversed in part; affirmed in all other respects.