JAMES EDWARD BARKLEY, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 30666

May 28, 1998                    958 P.2d 1218

*Morgan D. Harris,* Public Defender and *Craig F. Jorgenson,* Deputy Public Defender, Clark County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney and *James Tufteland,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant James Edward Barkley was convicted of one count each of robbery and misdemeanor battery. He contends that the state failed to prove a necessary element of robbery—the taking of property from the person of or in the presence of the victim. We conclude that this contention lacks merit and affirm the judgment of conviction.

### FACTS

On the morning of December 18, 1996, Henry Valdez was stocking shelves at the Rancho Market in Las Vegas. Valdez saw Barkley enter the store and slip a bottle of brandy into his pants. Valdez observed this in some reflecting glass; Barkley was about twenty feet from Valdez with a store island between them. Barkley then got a can of beer and walked to the checkout counter.

As Barkley stood at the checkout counter, Valdez approached and asked him if he intended to pay for the brandy. Barkley denied having the brandy, threw the can of beer on the counter, and headed out the door. Valdez grabbed Barkley's backpack, but Barkley pulled away and exited the store. Valdez followed Barkley into the street, grabbed him, and wrestled him back to the sidewalk in front of the store. Barkley then pulled the bottle of brandy out of his pants and struck Valdez on the head with it. Police arrived and arrested Barkley. Valdez was taken to a hospital and received five staples to close up his head wound.

The state charged Barkley with robbery and battery causing substantial bodily harm. He was tried, and the jury found him guilty of robbery and misdemeanor battery. On May 27, 1997, the district court entered judgment accordingly and sentenced Barkley to a prison term of thirty-five (35) to eighty-eight (88) months for robbery and a concurrent jail term of two (2) months for battery. The court also ordered him to pay $1,481.88 in restitution.

### DISCUSSION

NRS 200.380(1) provides in part:

> Robbery is the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property

of a member of his family, or of anyone in his company at the time of the robbery. A taking is by means of force or fear if force or fear is used to:

(a) Obtain or retain possession of the property;
(b) Prevent or overcome resistance to the taking; or
(c) Facilitate escape.

Barkley says, correctly, that a necessary element of robbery is the taking of property from a person or in the presence of a person. He argues that proof of this element was lacking here because when he took the bottle of brandy, Valdez was twenty feet away, separated by an island, and watching him in reflecting glass. The state contends that the taking occurred when Valdez confronted Barkley and Barkley started to leave the store with the bottle. Until that time, Barkley could have paid for the bottle, and no unlawful taking would have occurred.

We conclude that the state's position is correct.[1] We hold that Barkley unlawfully took the bottle of brandy when he walked with it from the store despite Valdez's questioning. This occurred in the presence of Valdez and against his will. The unlawful taking became a robbery when Barkley struck Valdez in the head with the bottle, thereby using force and violence to retain possession of the bottle, as proscribed by NRS 200.380(1)(a). (Additionally or alternatively, a factfinder could reasonably decide that Barkley used force and violence to overcome resistance to the taking or to facilitate escape, as proscribed by NRS 200.380(1)(b) and (c).)

## CONCLUSION

The jury could have reasonably found that Barkley unlawfully took personal property in the presence of another person against

---

[1]Even if we accepted Barkley's position that the taking occurred when he first put the bottle in his pants, his argument that he was not "in the presence" of Valdez has no merit. In Robertson v. Sheriff, 93 Nev. 300, 565 P.2d 647 (1977), two or three men entered a bar and took money from a cash register. The bartender heard the robbers and out of fear stayed in the restroom of the bar throughout the robbery. This court concluded that the money was taken in the "presence" of the bartender. A thing " 'is in the presence of a person, in respect to robbery, which is so within his reach, inspection, observation or control, that he could, if not overcome by violence or prevented by fear, retain his possession of it.' " Id. at 302, 565 P.2d at 648 (quoting Commonwealth v. Homer, 127 N.E. 517, 520 (Mass. 1920)).

Therefore, Barkley took the bottle of brandy in the presence of Valdez, even if the taking occurred when Barkley first put the bottle in his pants. Although under this analysis Barkley did not use force or fear when he first took the bottle, he still committed robbery because he used force later to retain possession of the property. NRS 200.380(1)(a).

that person's will and used force to retain the property or facilitate escape. This constitutes robbery. We therefore affirm his judgment of conviction.[2]

SPRINGER, C. J., dissenting:

This is a theft case, a larceny case, not a robbery case. As pointed out in the majority opinion, Mr. Valdez happened to observe Barkley secreting the stolen bottle of brandy, saw him furtively "slip the bottle of brandy into his pants." There appears to be no doubt that Barkley *took* the property by stealth; he did not take the property by means of force or violence. It is true that a store clerk was present in the store at the time he stole the brandy, but it certainly cannot be said that he "robbed" the clerk.

When the clerk asked Barkley about the brandy, Barkley fled from the store with the already-stolen property. At the time Barkley left the store he had already appropriated the brandy with an intent to steal, and his flight does not raise his crime from larceny to robbery merely because he took flight. The majority seems to agree with my point because it identifies the robbery as taking place outside of the store when Valdez attempted to apprehend Barkley, at which time the previous taking "became a robbery when Barkley struck Valdez in the head with the bottle."

The facts of this case require the adoption of a strange rule in robbery cases: A thief who steals something in a store becomes a robber if later, outside the store, the thief resists attempts to retrieve the stolen property. Do we have, then, two crimes in such cases, a larceny when the property is first stolen and robbery when the thief refuses, on demand, to give the property up? I do not think so. I think that Barkley is a thief and not a robber. The difference between robbery and theft in the early common law

---

[2]Appellant's fast track statement cites to the transcript of appellant's trial, but appellant's counsel, Craig F. Jorgenson, Deputy Public Defender, has failed to cause transmission of a transcript to this court. Appellant has the responsibility to provide materials necessary for appellate review. *See* NRAP 3C(d)(3) and (e)(2); Greene v. State, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980); Jacobs v. State, 91 Nev. 155, 158, 532 P.2d 1034, 1036 (1975). Since the factual statements in both the fast track statement and the fast track response were consistent, we accepted the facts as set forth by appellant and were able to decide this appeal. However, we admonish Mr. Jorgenson to comply with NRAP 3C or face sanctions in the future.

Furthermore, NRAP 3C(e)(2) and 3C(f)(2) provide that fast track appendices "shall include only file-stamped copies of relevant papers and pleadings submitted to the district court that are necessary for consideration of the appeal by the Supreme Court." In this appeal, the parties' joint appendix included numerous documents which were not cited to and which were not necessary for our consideration of the appeal. We admonish the parties to include only relevant documents in future appendices to conform with NRAP 3C, to conserve paper, and to facilitate efficient appellate review by this court.

was that robbery was an open taking; theft a secret taking. *See* F. Pollock & F. Maitland, *History of English Law* 494 (1911). This was a secret taking, not an open taking.

Robbery is a compound felony, larceny accompanied by violence. Although there was violence after the theft, the *taking* was not accomplished by means of violence; and, under our law, robbery is *taking* ''by means of force or violence'' or with implied force because the taking was in the presence of the owner. If there were any doubt (and I do not think that there was), the doubt should be resolved in favor of the defendant. A common larceny has been artificially raised to a robbery. I would send the case back to the trial court with instructions that the robbery conviction be reduced to a theft conviction.