ALEHANDRO MARTINEZ, aka LOUIS PENA SANTOS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 26172

July 16, 1998

961 P.2d 752

*Morgan D. Harris,* Public Defender, and *George E. Franzen,* Deputy Public Defender, Clark County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, *James Tufteland,* Chief Deputy District Attorney, Clark County, for Respondent.

---

[1]THE HONORABLE A. WILLIAM MAUPIN, Justice, did not participate in the decision of this matter.

## OPINION

*Per Curiam:*

Keith Anderson was a security guard at Smith's Food King in North Las Vegas. At approximately 4:30 p.m., on December 30, 1993, Anderson observed appellant placing a roast in his pants. Although the size of the roast is unknown, it had a value of $25.89. Anderson observed appellant heading toward the exit of the store, and Anderson went outside to intercept appellant.

When appellant exited the store, Anderson approached appellant, placed his hand on appellant's stomach, patted the roast and told appellant to accompany him to the security office. Anderson placed a handcuff on one of appellant's wrists. Appellant reached into his pants with the other hand, pulled out the roast, and dropped it. At that point, appellant said something to the effect of, "You got the roast, let me go." Appellant then began struggling to get away.

At the time of the incident in question, Jose Ramirez, an off-duty Smith's security guard, happened to be at Smith's with his wife and two children, doing his grocery shopping. He observed Anderson struggling with appellant in front of the store. Ramirez ran over to assist Anderson. Both Ramirez and Anderson testified that appellant pulled out a box cutter knife and began waving it at them. Appellant denied having a knife.[1] During the struggle, Ramirez pulled the mace out of Anderson's utility belt and maced appellant. Despite being maced, appellant managed to break free of the two security guards and ran away. Ramirez and Anderson ran to Ramirez' car, where Ramirez' wife had loaded the groceries. Ramirez directed his wife to get in the back seat with the children. Ramirez and Anderson jumped in the front seat of the car and began following appellant, who was fleeing on foot. They saw appellant run into a motel room. Ramirez told Anderson to go to the bar across the street and call the police. Ramirez, his wife, and children remained in front of the motel to make sure appellant did not come out of the room. When the police arrived, they entered the room and found appellant lying on the floor of the room with one arm still handcuffed.

Appellant was arrested and charged with robbery with use of a

---

[1]Although appellant was charged with robbery with a deadly weapon, the jury found him guilty of simple robbery, without the use of a deadly weapon.

deadly weapon and battery with use of a deadly weapon. Following a jury trial, appellant was convicted of robbery. The district court sentenced appellant to serve eighteen (18) months in the Nevada State Prison.

Appellant contends that there was insufficient evidence at trial to support his conviction for robbery. We agree. NRS 200.380 defines robbery as: "the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury . . . . A taking is by means of force or fear if force or fear is used to: . . . (c) Facilitate escape." Moreover, "[t]he degree of force used is immaterial if it is used to compel acquiescence to the taking of or escaping with the property." NRS 200.380(1). The element that distinguishes larceny from robbery is the use of force. When force is used to accomplish the taking, the crime is clearly robbery. However, where force is used *only* to facilitate escape, the use of force must be subsequent to a taking by force or fear, or used to compel acquiescence to the escaping with the property in order to constitute the crime of robbery.[2] In this case, there was no evidence of a taking by means of force, nor was appellant attempting to escape with the roast. Consequently, appellant's conviction of robbery is not supported by sufficient evidence.[3] Accordingly, we reverse appellant's conviction for robbery.

---

[2]This court recently considered a similar case in Barkley v. State, 114 Nev. 635, 958 P.2d 1218 (1998). The appellant in *Barkley* placed a bottle of brandy in his pants. When he exited the store without paying, the clerk confronted Barkley and a struggle ensued. In the struggle, Barkley struck the clerk on the head with the bottle of brandy. This court held that Barkley had committed robbery because he used "force and violence to retain possession of the bottle, as proscribed by NRS 200.380(1)(a). (Additionally or alternatively, a factfinder could reasonably decide that Barkley used force and violence to overcome resistance to the taking or to facilitate escape, as proscribed by NRS 200.380(1)(b) and (c).)" *Id.* at 637, 958 P.2d at 1219. We conclude that *Barkley* is distinguishable from the instant case because Barkley was attempting to retain possession of the brandy or escape *with* the brandy. In the instant case, both the security officers testified that appellant said, "You've got the roast, let me go." The chain of events had already moved beyond a "taking," because the attempted "taking" had been abandoned. In *Barkley,* the force used was part of a continuing "taking."

[3]In light of our holding that appellant's conviction is not supported by sufficient evidence, we conclude it is unnecessary to reach appellant's remaining contention.