An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DESHON HEREFORD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60424

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

In his August 8, 2011, petition, appellant claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). Both components of the inquiry

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

13-07738

must be shown, Strickland, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, Means v. State, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

First, appellant claimed that his trial counsel was ineffective for failing to object to the jury instructions regarding aiding and abetting in a conspiracy and the use of a deadly weapon. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Trial counsel did object to the aiding-and-abetting-in-a-conspiracy instruction. Further, the instruction informing the jury that evidence of appellant's participation in a conspiracy may be sufficient to demonstrate that appellant aided and abetted an act in furtherance of the conspiracy was a proper statement of the law. See Lewis v. State, 100 Nev. 456, 460, 686 P.2d 219, 221-22 (1984). The instructions regarding the use of a deadly weapon were also correct statements of the law. See NRS 193.165(6); Culverson v. State, 95 Nev. 433, 435, 596 P.2d 220, 221 (1979). Appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel raised additional arguments regarding these instructions. Therefore, the district court did not err in denying this claim.[2]

---

[2]Appellant also had an additional claim where he asserted his counsel was ineffective for failing to object to the jury instructions, but appellant did not highlight any specific instruction in that claim. To the extent appellant challenged additional instructions other than the ones listed in his other claims, appellant failed to demonstrate deficiency or prejudice. Counsel objected to many instructions and offered alternative instructions, yet the district court denied counsel's objections. Appellant
*continued on next page . . .*

Second, appellant claimed that his trial counsel was ineffective for failing to attack the creditability of J. Damm. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Counsel questioned Damm regarding his memory of the incident, Damm's lack of certainty regarding identification of the suspects during the police investigation, and Damm's lack of familiarity with firearms. Appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel questioned Damm further. Therefore, the district court did not err in denying this claim.

Third, appellant claimed that his trial counsel was ineffective for failing to object during closing arguments. Appellant failed to demonstrate that he was prejudiced. The challenged statements by the State were considered on direct appeal under a plain error standard and this court concluded that the comments did not prejudice appellant. Hereford v. State, Docket No. 52664 (Order of Affirmance, May 7, 2010). Appellant failed to demonstrate a reasonable probability of a different outcome had counsel objected to the challenged statements. Therefore, the district court did not err in denying this claim.

Fourth, appellant claimed that his trial counsel was ineffective for failing to argue appellant should only have been convicted of one robbery count for one of the convenience store robberies. Appellant failed

---

. . . continued

failed to demonstrate a reasonable probability of a different outcome had additional objections been raised.

to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The evidence established that there were two clerks present when appellant committed one of the robberies and one clerk present at the other store. Therefore, appellant was properly convicted of three separate robberies. See NRS 200.380; see also Barkley v. State, 114 Nev. 635, 637, 958 P.2d 1218, 1219 (1998); Robertson v. Sheriff, 93 Nev. 300, 302, 565 P.2d 647, 647-48 (1977). Appellant failed to demonstrate a reasonable probability of a different outcome had counsel argued he should have received fewer convictions. Therefore, the district court did not err in denying this claim.

Fifth, appellant claimed that his trial counsel was ineffective for failing to attack the credibility and methodology of the State's fingerprint expert. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Counsel did question the State's expert regarding the methodology used to assess the fingerprint evidence. Appellant failed to demonstrate a reasonable probability of a different outcome had counsel asked further questions regarding the expert's methodology. Therefore, the district court did not err in denying this claim.

Sixth, appellant claimed that his trial counsel was ineffective for failing to object to the instruction regarding the voluntariness of a confession. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Counsel offered an alternative to the challenged instruction, the district court rejected that alternative, and this court concluded on direct appeal that the district court did not abuse its discretion in so doing. Hereford v. State, Docket

No. 52664 (Order of Affirmance, May 7, 2010). Appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel raised additional objections or proposed additional alternatives to the challenged instruction. Therefore, the district court did not err in denying this claim.

Next, appellant claimed that his appellate counsel was ineffective. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. Kirksey v. State, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown. Strickland, 466 U.S. at 697. Appellate counsel is not required to raise every non-frivolous issue on appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. Ford v. State, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989).

Appellant claimed that his appellate counsel was ineffective for failing to include a transcript of his confession to the police in the record before this court for his direct appeal in order to show that his confession was involuntary. Appellant failed to demonstrate that he was prejudiced. Given the overwhelming evidence of guilt presented at trial, including evidence that appellant's fingerprints and palm prints were discovered at both robbery sites, surveillance video, and the identification of appellant by the victims, appellant failed to demonstrate a reasonable likelihood of success on appeal had counsel included the transcript of his

confession for this court's review on direct appeal. Therefore, the district court did not err in denying this claim.[3]

Having concluded that appellant is not entitled to relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[3]We note that in the order denying appellant's petition, the district court states it received the transcript of the confession from the State and reviewed it when concluding that appellant's confession was voluntary. However, the transcript was not made a part of the record and this court has been informed that the State no longer possesses a copy of the transcript. Accordingly, this court is unable to review the transcript of appellant's confession when considering this appeal. As there was overwhelming evidence of appellant's guilt presented at trial, we conclude that appellant was unable to demonstrate prejudice related to his appellate counsel's failure to include a transcript of the confession with the record on direct appeal. We caution the district court to ensure in the future that evidence it considers when reviewing a post-conviction petition for a writ of habeas corpus is made a part of the district court record.

cc: Hon. Stefany Miley, District Judge
Deshon Hereford
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A