An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN J. MORALES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62886

**FILED**

JUL 3 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

In his petition filed on May 2, 2011, and supplemental petition filed on December 13, 2012, appellant first claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

14-24841

*Strickland*). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed counsel was ineffective for providing unreasonable advice, which led appellant to reject a plea offer from the State that would have resulted in a shorter sentence of imprisonment. Appellant alleged specific facts that are not belied by the record and, if true, would have entitled him to relief. A defendant is entitled to the effective assistance of counsel during plea negotiations, *Missouri v. Frye*, 566 U.S. ___, ___, 132 S. Ct. 1399, 1405-06 (2012), and where counsel's advice regarding whether to accept a plea is objectively unreasonable, a defendant is entitled to relief where he can show prejudice, *Lafler v. Cooper*, 566 U.S. ___, ___, 132 S. Ct. 1376, 1384 (2012). Appellant claimed that the State offered him a plea deal whereby appellant would plead guilty to one count of first-degree kidnapping consecutive to one count of robbery with the use of a deadly weapon with an aggregate sentence of life in prison with the possibility of parole after twelve years. Appellant further claimed that he only rejected the offer and went to trial because counsel told him there were no facts to support a first-degree kidnapping charge and did not inform him that he could face substantially more prison time if he was convicted at trial. Because appellant was convicted of first-degree kidnapping and was sentenced to a significantly longer term of imprisonment than would have been possible had he accepted the

plea offer, he may be entitled to relief. We therefore conclude that the district court erred in denying this claim without an evidentiary hearing.[2]

Second, appellant claimed counsel was ineffective for failing to move to dismiss the indictment or, at least, the attempt murder charges because of alleged errors during the grand jury proceedings. Appellant failed to demonstrate deficiency or prejudice. Appellant did not demonstrate that the form of the challenged questions or the calling of appellant's parents to testify after a three-week delay resulted in substantial prejudice, *see Lay v. State*, 110 Nev. 1189, 1198, 886 P.2d 448, 454 (1994) (holding that a defendant must show "substantial prejudice" to warrant a dismissal), such that counsel was objectively unreasonable in not challenging the actions. Moreover, any error in the form of the questioning was cured when appellant was acquitted of the attempt murder charges. *Cf. Lisle v. State*, 114 Nev. 221, 224-25, 954 P.2d 744, 746-47 (1998) (noting there would not be prejudice where the defendant was later found guilty beyond a reasonable doubt). We therefore conclude that the district court did not err in denying these claims without an evidentiary hearing.

---

[2]Should the district court find after an evidentiary hearing that appellant has demonstrated that counsel's advice was objectively unreasonable and that, but for that advice, he would have pleaded guilty instead of going to trial, the district court shall apply the remedy as set forth in *Lafler*: "[O]rder the State to reoffer the plea agreement. Presuming [appellant] accepts the offer, the [district] court can then exercise its discretion in determining whether to vacate the convictions and resentence [appellant] pursuant to the plea agreement, to vacate only some of the convictions and resentence [appellant] accordingly, or to leave the convictions and sentence from trial undisturbed." 566 U.S. at ___, 132 S. Ct. at 1391. Depending on the outcome, appellant's remaining claims, and this court's disposition thereof, could be rendered moot.

Third, appellant claimed counsel was ineffective for failing to advise him of his right to a bench trial. Appellant failed to demonstrate deficiency or prejudice. Appellant did not demonstrate that the failure to advise him of the availability of a bench trial was objectively unreasonable. Further, appellant failed to demonstrate a reasonable probability of a different outcome had the case been decided by a judge. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Fourth, appellant claimed counsel was ineffective for failing to object to the amended indictment. Appellant failed to demonstrate deficiency or prejudice. Although the record before this court does not indicate that the State moved the court to amend the indictment prior to filing it, the indictment did not add or change any offenses, nor did appellant identify any substantial rights that were prejudiced. Thus the State could and likely would have been granted permission to amend it at any time before the verdict was returned. NRS 173.095(1). Further the indictment was amended well in advance of trial, and appellant was acquitted of all but one of the amended counts, with the amendment in the remaining count—the addition of an officer's name—being mere surplussage. Accordingly, appellant did not demonstrate a reasonable probability of a different outcome at trial had counsel objected. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Fifth, appellant claimed counsel was ineffective for failing to seek clarification from or to dismiss a juror who could not say whether he could be fair. Appellant failed to demonstrate deficiency or prejudice. The juror at issue volunteered that he was unsure whether he could be fair if

children were forced to testify, but the State had already indicated that no children would be testifying, and none were called at trial. To the extent appellant claimed that trial counsel was ineffective in posing to the venire questions regarding child victims, it was not objectively unreasonable where appellant was charged with four counts of first-degree kidnapping of children. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Sixth, appellant claimed counsel was ineffective for failing to call a psychiatrist or addiction expert at trial or sentencing, to prepare a sentencing memorandum, or to investigate allegations made at sentencing of other uncharged crimes. Appellant failed to demonstrate deficiency or prejudice. His bare claims failed to state what the desired expert would have said, how appellant's addiction affected his intent in such a way as to have had any impact on the outcome at either trial or sentencing, what rebuttal information could have been procured, what the results of an investigation would have been, or how any of it would have affected the outcome at trial or sentencing. We therefore conclude that the district court did not err in denying these claims without an evidentiary hearing.

Seventh, appellant claimed counsel was ineffective for failing to challenge jury instruction 17 as shifting the burden of proof to appellant and misleading the jury to believe that to convict him of second-degree kidnapping, at least one juror must also believe that he is guilty of first-degree kidnapping. Appellant failed to demonstrate deficiency or prejudice. The instruction did not shift the burden of proof. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Eighth, appellant claimed counsel was ineffective for failing to challenge jury instruction 12, defining "in the presence" of a person for purposes of robbery, as a misstatement of law. Appellant failed to demonstrate deficiency or prejudice. Appellant complained that the instruction's verbiage, "'if not prevented by intimidation or threat of violence,'" required the use of less force than this court has required, that is "if not overcome by violence or prevented by fear." *Robertson v. Sheriff*, 93 Nev. 300, 302, 565 P.2d 647, 648 (1977) (quoting *Commonwealth v. Homer*, 127 N.E. 517, 520 (Mass. 1920)). Appellant's attempt to parse verbiage was without merit because "[t]he degree of force used is immaterial" in robbery. NRS 200.380(1). We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Ninth, appellant claimed counsel was ineffective for failing to request a jury instruction on petit larceny as a lesser-included offense to the robbery of E. Ducsak. Appellant failed to demonstrate deficiency or prejudice. Appellant did not demonstrate that counsel was objectively unreasonable in failing to request a jury instruction for petit larceny, *see* NRS 205.240(1)(a)(1) (defining it in relevant part as the intentional taking and carrying away of personal property of another), where doing so would have been contrary to the defense theory at trial that there was no "taking" of personal property. *See Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (holding that tactical decisions are "virtually unchallengeable absent extraordinary circumstances'") (quoting *Howard v. State*, 106 Nev. 713, 722, 800 P.2d 175, 180 (1990), *abrogated on other grounds by Harte v. State*, 116 Nev. 1054, 1072 n.6, 13 P.3d 420, 432 n.6 (2000)). Moreover, the jury found appellant guilty beyond a reasonable

doubt of the greater offense of robbery, which this court affirmed on direct appeal, *see Morales v. State,* Docket No. 54216 (Order of Affirmance, July 15, 2010), such that there was no reasonable probability of a different outcome had counsel requested the instruction. *See Rosas v. State,* 122 Nev. 1258, 1265, 147 P.3d 1101, 1106 (2006) (stating that an instruction on a lesser-included offense is not an invitation to the jury to return a compromise verdict). We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Tenth, appellant claimed counsel was ineffective for failing to request a jury instruction of coercion as a lesser-included offense of first-degree kidnapping of the adults in the home. Even assuming without deciding that coercion is a lesser-included offense of first-degree kidnapping, appellant failed to demonstrate deficiency or prejudice. Counsel elected to argue that appellant was guilty of no more than false imprisonment, which would have carried the same penalty as coercion. *Compare* NRS 200.460(3), *with* NRS 207.190(2)(a); *see Doleman,* 112 Nev. at 848, 921 P.2d at 280-81. Moreover, the jury found appellant guilty beyond a reasonable doubt of either first- or second-degree kidnapping of the adult victims such that there was no reasonable probability of a different outcome had counsel argued for coercion. *See Rosas,* 122 Nev. at 1265, 147 P.3d at 1106. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Eleventh, appellant claimed counsel was ineffective for failing to conduct a post-trial interview with jurors, because doing so would have exposed juror bias and/or confusion over their instructions, thereby providing a foundation to declare a mistrial or to move for a new trial. Appellant failed to demonstrate deficiency or prejudice. Appellant's claim

that the jury was biased against him because of questions asked during voir dire about "scand[a]lous allegations of child kidnapping" was patently without merit since he was charged with four counts of kidnapping children. Moreover, any prejudice that may have occurred because of any difficulty in understanding instructions was cured when appellant was acquitted of various counts of kidnapping and attempt murder.[3] We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Twelfth, appellant claimed that the cumulative errors of counsel warranted reversal of his convictions. Because appellant failed to demonstrate deficiency on all but the guilty-plea-advice claim, there were no errors to cumulate. Appellant was thus entitled to no more relief than was already afforded on that claim. We therefore conclude that the district court did not err in denying this claim.

Appellant next claimed that he received ineffective assistance from appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d

---

[3]The remaining error—appellant's dual conviction for robbery with use of a deadly weapon and false imprisonment with use of a deadly weapon—is cured as a result of our holding *infra*.

SUPREME COURT
OF
NEVADA

(O) 1947A

951, 953 (1989). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed that counsel was ineffective for failing to challenge on appeal his conviction for the false imprisonment of C. Ramos, where the alleged detention was incidental to the robbery of the victim. We conclude that the district court erred in denying this claim without an evidentiary hearing, because appellant alleged specific facts that are not belied by the record and, if true, would entitle him to relief.

A defendant may be convicted of both robbery and false imprisonment arising out of the same course of events only where the restraint necessary for false imprisonment "stand[s] alone with independent significance from the act of robbery itself, create[s] a risk of danger to the victim substantially exceeding that necessarily present in the crime of robbery, or involve[s] . . . restraint substantially in excess of that necessary to its completion." *Mendoza v. State*, 122 Nev. 267, 275, 130 P.3d 176, 181 (2006) (analyzing the issue in a kidnapping-robbery context); *see Garcia v. State*, 121 Nev. 327, 334-35, 113 P.3d 836, 840-41 (2005) (applying kidnapping-robbery alternate-offense analysis in a false-imprisonment-robbery context), *modified on other grounds by Mendoza*, 122 Nev. at 274, 130 P.3d at 180. The entirety of the detention involved keeping C. Ramos in the pharmacy to deliver drugs to appellant and thus was clearly incidental to the robbery. Further, the detention held no independent significance from the robbery, it did not create a risk of

danger that substantially exceeded that of the robbery, and it was not substantially in excess of that necessary to complete the robbery. Accordingly, had counsel raised the issue on direct appeal, there is a reasonable probability that this court would have reversed the false-imprisonment conviction.

Further, it appears from the record that counsel may have been objectively unreasonable in failing to raise this claim on direct appeal. The cases relied upon herein were decided more than two years before appellant committed his crimes and were thus available to counsel. And there was no indication that counsel was attempting to winnow out what he perceived to be weaker arguments where the opening brief on direct appeal was approximately one-third of the permitted length, *see* NRAP 32(a)(7)(A)(i), and raised only two issues. Accordingly, appellant pleaded specific facts that were not belied by the record and, if true, entitled him to relief. We therefore reverse the denial of this claim and remand for an evidentiary hearing as to whether counsel was deficient.[4]

Second, appellant claimed that appellate counsel was ineffective for failing to challenge on appeal his conviction for the first-degree kidnapping of E. Ducsak for the purpose of robbing him where any alleged movement was incidental to the robbery. Appellant failed to demonstrate deficiency or prejudice. There was sufficient evidence for a jury to conclude that the victim was moved for the purpose of robbing him

---

[4]For the same reasons, we conclude that the district court erred in denying without an evidentiary hearing appellant's claim that trial counsel was ineffective for not including this count in the motion for judgment of acquittal, and we remand that claim for an evidentiary hearing.

of his vehicle. And because appellant was not convicted of attempted robbery or robbery of the vehicle, there was no improper dual conviction. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.[5]

Third, appellant claimed that appellate counsel was ineffective for failing to challenge possible collusion between the State and witnesses. Appellant failed to demonstrate deficiency or prejudice. Trial counsel raised the concern below, and the State represented that the conversation at issue was merely a discussion of logistics and general trial admonishments. Accordingly, there was no evidence of collusion, and appellant could not demonstrate a reasonable probability of success on appeal had counsel raised the claim. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Fourth, appellant claimed that counsel was ineffective for failing to prepare an effective appeal because he raised only two grounds and his argument contained fewer lines than the State's response. Appellant failed to demonstrate deficiency or prejudice beyond what has already been discussed above. Counsel's efficacy is not measured in the number of arguments nor in the number of lines any argument comprises. We therefore conclude that the district court did not err in denying this bare claim without an evidentiary hearing.

Fifth, appellant claimed that the cumulative errors of counsel warranted reversal of his convictions. Because appellant failed to

---

[5]For the same reasons, appellant also failed to demonstrate that trial counsel was deficient in failing to raise the argument in the motion for judgment of acquittal or that appellant was prejudiced by the omission.

demonstrate deficiency on all but the false-imprisonment claim, there were no errors to cumulate. Appellant was thus entitled to no more relief than has already been afforded on that claim. We therefore conclude that the district court did not err in denying this claim.

Finally, to the extent appellant claimed that he was entitled to a new trial or a new sentencing hearing due to the improper joinder of legally sufficient and legally insufficient offenses, these claims were appropriate for direct appeal and were thus procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.810(1)(b)(2). Appellant did not attempt to demonstrate good cause to excuse the procedural bar. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

For the reasons discussed above, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[6]

_____, J.
Pickering

_____, J.          _____, J.
Parraguirre                                        Saitta

---

[6]Should appellant wish to renew his request for the appointment of post-conviction counsel, the district court may consider appointing new counsel to assist appellant at the evidentiary hearing. *See* NRS 34.750.

We have considered all proper person documents filed or received in this matter. We conclude that appellant is only entitled to the relief described herein.

cc:  Hon. Jessie Elizabeth Walsh, District Judge
      Steven J. Morales
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A