An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

KENNY FRANK CAMPBELL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66265



FILED

NOV 24 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery with the use of a deadly weapon constituting domestic violence, robbery, and battery constituting domestic violence. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Appellant argues that the district court erred by denying his challenges for cause against two jurors. While we are not convinced that the district court abused its discretion in this instance, *see Blake v. State*, 121 Nev. 779, 795, 121 P.3d 567, 578 (2005) (reviewing district court's denial of a challenge for cause for an abuse of discretion), even assuming there was an abuse of discretion, appellant has not demonstrated prejudice because he exercised a peremptory strike against one of the challenged jurors, *see id.* at 796, 121 P.3d at 578 ("If the jury actually seated is impartial, the fact that a defendant had to use a peremptory challenge to achieve that result does not mean that the defendant was denied his right to an impartial jury."); *Weber v. State*, 121 Nev. 554, 581, 119 P.3d 107, 125 (2005) ("Any claim of constitutional significance must focus on the jurors who were actually seated, not on excused jurors."), and the other challenged juror served as an alternate and did not participate

15-36015

in deliberations, *see State v. Berry*, 684 So. 2d 439, 448 (La Ct. App. 2015) (concluding that defendant suffered no prejudice from the trial court's denial of a challenge for cause against an alternate juror who did not participate as "an active member of the panel"); *State v. White*, 706 S.W.2d 280, 282 (Mo. Ct. App. 1986) (concluding that any error in denying defendant's challenge for cause against an alternate juror was harmless where the juror did not participate in deliberations). Accordingly, we conclude that no relief is warranted.

Appellant next contends that the district court erred by not allowing him to impeach the victim with extrinsic evidence. On cross-examination, the victim denied that she had been "trespassed" from a particular casino because she had stolen money from a casino guest. Appellant unsuccessfully sought to introduce an affidavit concerning the incident. We conclude that the district court did not abuse its discretion, *see Means v. State*, 120 Nev. 1001, 1008, 103 P.3d 25, 29 (2004) ("It is within the district court's sound discretion to admit or exclude evidence"), as the admission of the affidavit was not permitted under NRS 50.085(3) (providing that "[s]pecific instances of the conduct of a witness, . . . other than a conviction of crime, may not he proved by extrinsic evidence").

Appellant further argues that the district court erroneously admitted evidence of prior bad acts. In this, he challenges four comments the victim made during her testimony. First, appellant contends that the victim's testimony that she went to "Safe Nest" after ending her relationship with appellant suggested that she had to flee from him for her safety. We conclude that he has not shown reversible error where the reference was brief and the victim did not overtly express concern for her safety. Second, appellant argues that the victim's testimony that she

"may have a restraining order" implied that he had history of violence. The victim was wrong about having a restraining order, and the district court offered to remedy the mistake but appellant declined. Under the circumstances, we conclude that he has not shown reversible error. Third, appellant argues that the victim's testimony that appellant taught her to keep her money in her bra suggested that he was her pimp. Because this testimony was relevant to the robbery charge to show that appellant knew where the victim kept her money, the district court did not err by overruling the objection to it. Fourth, appellant contends that the victim's testimony that he had been "trespassed" from a particular casino implied that he had committed a serious crime. We conclude that he has not demonstrated reversible error where the victim corrected her testimony and told the jury that she was not allowed in the casino.

Appellant next argues that the district court abused its discretion concerning several jury instruction matters. "The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005).

First, appellant challenges an instruction defining use of a deadly weapon. The instruction advised the jury that to "'use' a deadly weapon, there need not be conduct which actually produces harm but only conduct which produces a fear of harm or force by means or display of the deadly weapon in aiding the commission of the crime." Appellant contends that the instruction was improper because a car—the deadly weapon alleged in this instance—does not lend itself to "display" as would a gun or other weapon; therefore, the suggestion that the "mere 'display' of a car could produce 'fear of harm' indicated "an additional basis of liability with

no relevance to the facts of the case" and minimized the State's burden of proof. We disagree. The instruction is a correct statement of law, *see Allen v. State*, 96 Nev. 334, 336, 609 P.2d 321, 322 (1980), and where the evidence shows that appellant struck the victim with his car, it is unlikely that the jury found that he used a deadly weapon in battering the victim by merely displaying his car. Additionally, the jury was instructed that the State bore the burden of proving every element of an offense beyond a reasonable doubt.

Second, relying on *Phillips v. State*, 99 Nev. 693, 669 P.2d 706 (1983), appellant contends the district court should have given his proffered robbery instruction because it was more accurate than the instruction given, as his instruction advised the jury that the State must show that the victim had a possessory interest in the property taken. *Phillips* concerned whether a customer who was present during the robbery of a jewelry store could be the victim of robbery. *Id.* at 695, 669 P.2d at 707. This court concluded that because the customer had no possessory interest in the property stolen, no robbery of the customer occurred. *Id.*; *see also Klein v. State*, 105 Nev. 880, 885, 784 P.2d 970, 973 (1989). Appellant argues that he was entitled to his instruction because his defense was that the money the victim had on her person belonged to him and therefore no robbery occurred. Appellant confuses the possessory interest contemplated by *Phillips* and ownership, which is not an element of robbery. *See* NRS 200.380(1). Therefore, the district court did not abuse its discretion in this regard.

Third, appellant contends that the district court abused its discretion by denying his proffered instruction that reflected his defense theory that he merely attempted to recover his money from the victim, *see*

NRS 193.240, and that the State bore the burden of proving beyond a reasonable doubt that he did not act in defense of his property. Appellant proffered his instruction based on testimony that he had accused the victim of taking his money shortly before the altercation with her. Even assuming that the instruction should have been given, *see Rosas v. State*, 122 Nev. 1258, 1269, 147 P.3d 1101, 1109 (2006) ("[A] defendant is entitled to a jury instruction on his or her theory of the case as long as there is some evidence to support it."); *Williams v. State*, 99 Nev. 530, 531, 665 P.2d 260, 261 (1983), we conclude that no prejudice resulted where the evidence shows that appellant approached the victim as she exited a taxicab, knocked her to the ground, and punched her once or twice in the head, *see Alexander v. Com.*, 508 S.E.2d 912, 914 (Va. Ct. App. 1999) (concluding that reasonable force may be used in defense of property), *rev'd on other grounds*, 531 S.E.2d 567 (Va. 2000).

Fourth, appellant contends that the district court abused its discretion by rejecting his proffered accident instruction because no other instructions defined the meaning of "accident" in as much detail and without his instruction, the jurors were unable to evaluate his accident defense. We conclude that the meaning of "accident" is understood by persons of ordinary intelligence and needed no further explanation. Moreover, the jury was adequately instructed that he could not be held criminally liable if his conduct constituted an accident and appellant has not demonstrated prejudice resulting from the omission of the proffered instruction. Therefore, no relief is warranted.

Fifth, appellant argues that the district court abused its discretion by denying his proffered instruction regarding "evidence susceptible to two interpretations." We have considered similar

instructions and concluded that it is not error to reject such an instruction where the jury is properly instructed on reasonable doubt. *Hooper v. State*, 95 Nev. 924, 927, 604 P.2d 115, 117 (1979); *Bails v. State*, 92 Nev. 95, 97, 545 P.2d 1155, 1156 (1976). Because the jury was properly instructed on reasonable doubt, and appellant has not identified any prejudice resulting from the omission of his proposed instruction, no relief is warranted.

Sixth, appellant contends that the district court erred by rejecting his instruction concerning non-expert witnesses consistent with NRS 50.265. While we are not convinced that he has demonstrated that the instruction was necessary, we conclude that no relief is warranted as he has not identified any prejudice resulting from its omission.

Having considered appellant's arguments and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. James M. Bixler, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk