JOHN PHILLIP WITHEROW, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 16651

JOHN WITHEROW, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 18495

December 21, 1988                          765 P.2d 1153

*Douglas Norberg,* Reno, for Appellant.

*Brian McKay,* Attorney General, Carson City; and *Mills Lane,* District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Appellant, John Witherow, was arrested for the attempted robbery at Goldilock's jewelry store in Reno on March 12, 1984. Eyewitnesses placed appellant at the crime scene. One witness

was able to take appellant's photograph. During appellant's jury trial, the district court refused to admit into evidence the appointment book of Sandra Simon, a California attorney, whom appellant claimed to have met with on March 12, 1984. The prosecutor during the jury trial placed appellant in prison by referring to his relationships with other men while in prison. The prosecutor also informed the jury that appellant had filed a habeas corpus petition while in prison.

During closing arguments, the prosecutor argued that witnesses for appellant had lied and failed to turn over alibi evidence to the State. The prosecutor also argued that appellant should be found guilty because of his association with other convicted criminals. Finally, the prosecutor told the jury that appellant's alibi defense had been considered and rejected at an earlier hearing.

The jury found appellant guilty of attempted robbery with the use of a deadly weapon. The district court found that appellant was an habitual criminal pursuant to NRS 207.010 and sentenced him to serve a term of life imprisonment without the possibility of parole. Appellant appealed his conviction and filed a post-conviction petition with the district court. The district court denied appellant's post-conviction petition and this court consolidated the appeals.

Appellant contends that the district court erred by refusing to admit Sandra Simon's appointment book into evidence. We agree. NRS 51.1351(1) provides:

> A memorandum, report, record or compilation of data, in any form, of acts, events, conditions, opinions or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, all in the course of a regularly conducted activity, as shown by the testimony of the custodian or other qualified witness, is not inadmissible under the hearsay rule unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Ms. Simon testified that an appointment for appellant had been entered in her appointment book for March 12, 1984. Ms. Simon was unable to determine if the entry had been made by herself or her secretary. However, her testimony is not indicative of the lack of trustworthiness that would make the appointment book inadmissible under NRS 51.1351(1). Therefore, the district court erred by not admitting Ms. Simon's appointment book.

Appellant next contends that he was denied a fair trial because of prosecutorial misconduct. Specifically, appellant contends that the prosecutor improperly referred to his prior criminal record.

Reference to prior criminal history is reversible error. Walker v. Fogliani, 83 Nev. 154, 425 P.2d 794 (1967). The test for determining a reference to prior criminal history is whether the jury could reasonably infer from the evidence presented that the accused had engaged in prior criminal activity. Manning v. Warden, 99 Nev. 82, 659 P.2d 847 (1983).

Over appellant's objections, the prosecutor placed appellant in prison by referring to appellant's relations with men while in prison. The prosecutor informed the jury that appellant had filed a habeas corpus action while in prison. Applying the above test to the remarks to which objections were made, we conclude that the jurors could have reasonably inferred that appellant had been involved in prior criminal activity and that the remarks were improper references to appellant's prior criminal history.

Appellant also contends that the prosecutor improperly expressed his personal belief concerning the evidence presented. The characterization of testimony as a lie is improper argument. Harris v. United States, 402 F.2d 656 (1968). The prosecutor stated that a witness had lied on the stand. This statement amounts to an opinion as to the veracity of a witness in circumstances where veracity might well have determined the ultimate issue of guilt or innocence. The statement was improper. "Many strong adjectives could [have been] used [to describe the testimony] but it was for the jury, and not the prosecutor, to say which witnesses were telling the truth. . . ." *Harris* 402 F.2d at 658.

Finally, appellant contends that the prosecutor improperly presented false facts to the jury. Factual matters outside the record are not proper subjects for argument. Collier v. State, 101 Nev. 473, 705 P.2d 1126 (1985). The prosecutor stated that appellant's alibi defense had been rejected in a prior hearing. This fact was false and it was not contained in the record. Appellant had the right to have the jury determine the efficacy of his defense upon the merits. Thus, the prosecutor's statement was improper.

Having concluded that improper arguments were made, it must next be determined whether the errors were harmless beyond a reasonable doubt. *Manning,* 99 Nev. at 87, 659 P.2d at 850; *see also* Chapman v. California, 386 U.S. 18, 24 (1967). Appellant was charged with a serious felony. The evidence against him was substantial enough to convict him in an otherwise fair trial. However, it cannot be said without reservation that the verdict would have been the same in the absence of error. Together the errors had the effect of undermining appellant's defense. Thus,

the cumulative effect of the errors denied appellant his right to a fair trial. Therefore, appellant's conviction must be reversed.

Accordingly, appellant's judgment of conviction is reversed and the case remanded for a new trial.[1]

---

[1]In light of our holding, we express no opinion as to appellant's remaining contentions. However, we note that, in regard to appellant's status as an habitual criminal, appellant's former conviction number five may not stand; and offense number four includes more than one felony conviction.