An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DENNIS JUNIOR COOPER, III,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65309

**FILED**

NOV 1 3 2015


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of five counts of conspiracy to commit robbery, eight counts of burglary while in possession of a firearm, twelve counts of robbery with use of a deadly weapon, and three counts of assault with use of a deadly weapon. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

First, appellant claims the district court improperly excluded evidence of an uncharged robbery in the series of robberies for which he was charged as the evidence was relevant to identity, the crux of his defense, and as the probative value of the evidence outweighed any prejudicial effects it may have caused. *See* NRS 48.045(2); *Bigpond v. State*, 128 Nev., Adv. Op. 10, 270 P.3d 1244, 1249-50 (2012). "A district court's decision to admit or exclude evidence under NRS 48.045(2) rests within its sound discretion and will not be reversed on appeal absent manifest error." *Ledbetter v. State*, 122 Nev. 252, 259, 129 P.3d 671, 676 (2006). While appellant now argues that evidence regarding the first robbery in the series was relevant to identity, at trial he argued that the evidence was relevant, despite being dismissed by the State, because it supported his theory that eyewitness testimony was not reliable for proof

SUPREME COURT
OF
NEVADA

(O) 1947A

15-34655

beyond a reasonable doubt without additional evidence. Because appellant has changed his theory for admitting the uncharged offense, we need not consider this argument on appeal. *See Ford v. Warden*, 111 Nev. 872, 884, 901 P.2d 123, 130 (1995) (stating that appellant is not permitted to change theory underlying assignment of error on appeal); *McCall v. State*, 97 Nev. 514, 516, 634 P.2d 1210, 1212 (1981) ("Where evidence is not offered for a particular purpose at trial, an appellate court will not consider it for that purpose on appeal."). Moreover, the district court concluded that the evidence was not relevant because the robbery was not charged, the dismissal of the robbery by the State was not exculpatory,[1] and the evidence did not tend to identify another perpetrator. It further determined that appellant was amply able to pursue his theory regarding the unreliability of eyewitness testimony through the charged acts. We conclude the district court did not abuse its discretion by excluding evidence regarding the uncharged robbery.

Next, appellant claims the State committed prosecutorial misconduct by arguing facts not introduced into evidence when it argued in closing that Jameke Fulcher was a passenger in the vehicle appellant was driving on the day of his arrest.[2] In reviewing claims of prosecutorial misconduct, we must first determine whether the prosecutor's conduct was

---

[1]The State indicated that it dismissed the charge due to witness-availability problems.

[2]The record demonstrates that no objection was made at the time of the comment but that an off-the-record bench conference occurred after the State concluded its closing remarks; the district court later made a record of the bench conference outside the presence of the jury.

improper and, if so, whether the conduct warrants reversal. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). An officer testified that there were three people in the vehicle, two male and one female, and a crime scene analyst testified that, while there was no one in the vehicle when he arrived, there were people around the car who had been in it and that Fulcher was on the scene when he arrived. We conclude that the State's conduct was not improper because testimony reasonably suggested that Fulcher was a passenger in the vehicle appellant was driving on the day of his arrest. *See Klein v. State*, 105 Nev. 880, 884, 784 P.2d 970, 973 (1989) (holding that the prosecutor may argue reasonable inferences from evidence presented at trial).

Having considered appellant's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, C. J.
Hardesty

_____ J.
Parraguirre

_____, J.
Douglas

cc: Hon. Kathleen E. Delaney, District Judge
Carl E. G. Arnold
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk