# IN THE SUPREME COURT OF THE STATE OF NEVADA

LEONARD HUNT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66326

FILED

MAR 1 7 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count of conspiracy to commit robbery, three counts of burglary while in possession of a firearm, five counts of robbery with the use of a deadly weapon, two counts of attempted robbery with the use of a deadly weapon, one count of first-degree kidnapping with the use of a deadly weapon, three counts of battery with the use of a deadly weapon, one count of attempted murder with the use of a deadly weapon, one count of home invasion, one count of burglary, and one count of grand larceny. Eighth Judicial District Court, Clark County; Stefany Miley, Judge. Appellant Leonard Hunt raises two contentions on appeal.

First, Hunt argues the State committed prosecutorial misconduct by suggesting during the questioning of two witnesses that the witnesses had identified him as the perpetrator even though they had not. *See, e.g., Williams v. State*, 103 Nev. 106, 110, 734 P.2d 700, 703 (1987) ("A prosecutor may not argue facts or inferences not supported by the evidence."). We discern no plain error. *See Valdez v. State*, 124 Nev. 1172,

16-08473

1190, 196 P.3d 465, 477 (2008) (challenges to unobjected-to prosecutorial misconduct for plain error). The prosecutor's questioning of Kristine Nite did not improperly suggest that Nite identified Hunt as the perpetrator, merely that he did not have permission to be in possession of her property. However, the questioning of Robert Post, in which counsel asked if Post had given Hunt permission to enter the home, improperly suggested that Hunt had been identified as the perpetrator. Nevertheless, the error did not affect Hunt's substantial rights. *See id.* at 1189, 193 P.3d at 476. The comment was brief and, although Hunt did not object to it, the district court swiftly addressed it. Therefore, Hunt failed to demonstrate that the single, brief comment amounted to plain error warranting reversal.

Second, Hunt contends that the district court erred in denying his motion for a mistrial based on this prosecutorial misconduct. We discern no abuse of discretion. *See Rose v. State*, 123 Nev. 194, 206-07, 163 P.3d 408, 417 (2007). Only one of the challenged comments improperly implied that the witness had identified Hunt as the perpetrator. Further, the comment was brief and was addressed by the district court. Given the brevity of the offending comment in relation to the entirety of the trial testimony, we cannot conclude that the question "so infect[ed] the proceedings with unfairness as to make the results [of the trial] a denial of due process." *Browning v. State*, 124 Nev. 517, 533, 188 P.3d 60, 72 (2008) (internal quotation marks omitted); *cf. Witherow v. State*, 104 Nev. 721, 724-25, 765 P.2d 1153, 1155-56 (1988) (recognizing that an improper statement may be harmless if the verdict would have been the same absent the statement).

Having considered Hunt's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Stefany Miley, District Judge
Nguyen & Lay
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk