# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL DAVID PEREZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66598

FILED

JUN 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery constituting domestic violence with substantial bodily harm, mayhem, and preventing or dissuading a witness from testifying or producing evidence. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Appellant Michael David Perez first argues that he cannot be convicted of both battery constituting domestic violence with substantial bodily harm and mayhem. As we observed in *Jackson v. State*, the Legislature has defined mayhem and battery causing substantial bodily harm in such a way as to make them alternative or mutually exclusive offenses. 128 Nev. 598, 610 n.8, 291 P.3d 1274, 1282 n.8 (2012). Where the Legislature has created offenses that are alternative or mutually exclusive, we will reverse the less serious if multiple convictions impermissibly result. *See id.* at 604-05, 291 P.3d at 1278-79; *Crowley v. State*, 120 Nev. 30, 33, 83 P.3d 282, 285 (2004). Although separate and distinct acts may support multiple convictions for otherwise alternative or

mutually exclusive offenses, *see Gaxiola v. State*, 121 Nev. 638, 651, 119 P.3d 1225, 1234 (2005) ("[S]eparate and distinct acts . . . [may] result in separate convictions even though the acts were the result of a single encounter and all occurred within a relatively short time." (internal quotation marks omitted)), the evidence presented in this case is insufficiently precise to attribute the convictions to separate violent acts, *see id.* at 652-53, 119 P.3d at 1235-36 (vacating lewdness conviction as redundant to sexual assault conviction where those offenses are mutually exclusive and evidence did not show that the lewdness act could be differentiated and was not incidental to the sexual assault); *cf. People v. Assad*, 116 Cal. Rptr. 3d 699, 710 (Cal. App. 4th 2010). The evidence arguably establishes three incidents where Perez beat the victim—in the car, on the doorstep, and in the kitchen. However, the evidence does not differentiate between the injuries establishing mayhem and those establishing substantial bodily harm or attribute injuries of differing severity to separate incidents.[1] Accordingly, we cannot conclude that the mayhem and battery-causing-substantial-bodily-harm convictions are based on separate and distinct acts, and we thus reverse Perez's conviction for battery constituting domestic violence with substantial bodily harm, the conviction with the lesser penalty. *See LaChance v. State*, 130 Nev., Adv. Op. 29, 321 P.3d 919, 928 (2014).

---

[1]The charging document does not clarify matters. The battery count alleges the defendant caused injury to "the head and/or body" of the victim, while the mayhem count charges the defendant with inflicting injury to "the face, jaw, and nose" of the victim, all part of the victim's head.

Second, Perez argues that double jeopardy precluded the district court from imposing a greater sentence after his original conviction was reversed. When a conviction is reversed and the case remanded for a new trial, the district court may subsequently impose a more severe sentence without violating double jeopardy. *See Wilson v. State*, 123 Nev. 587, 591-92, 170 P.3d 975, 977-78 (2007). While vindictiveness relating to the defendant's successfully challenging his first conviction may not play a part in a later sentence, no presumption of vindictiveness attaches when a greater penalty is imposed following a trial than pursuant to a prior guilty plea. *See Alabama v. Smith*, 490 U.S. 794, 798, 801 (1989). As in *Smith*, the trial provided the district court with a fuller appreciation of the gravity of the offense, and the district court remarked upon the severity of the crimes at sentencing. *See id.* We conclude that Perez's argument lacks merit.

Third, Perez argues that the chief judge abused her discretion by failing to assign his case to its original judicial department following remand. The chief judge is empowered to assign or reassign pending cases, EDCR 1.60(a), and has broad authority to ensure the administration of judicial business, *Halverson v. Hardcastle*, 123 Nev. 245, 258, 163 P.3d 428, 438 (2007). As our prior order directed that the matter be assigned to a different district court judge on remand and Perez has not provided authority compelling any particular assignment of a case following remand from this court, we conclude that Perez has failed to show an abuse of discretion.

Fourth, Perez argues that the district court abused its discretion in refusing to disqualify the district attorney's office. The

district court concluded that any conflict deriving from a consultation that Perez had with the district attorney when the district attorney was in private practice did not taint the proceedings when the district attorney would not become involved in an individual trial unless solicited by a deputy, no deputy solicited the district attorney's involvement here, and the prosecuting deputies attested that they had not conferred with the district attorney on this matter. Having reviewed the record, we conclude that the district court did not abuse its discretion. *See State v. Eighth Judicial Dist. Court (Zogheib)*, 130 Nev. 158, 162, 165, 321 P.3d 882, 884, 886 (2014) (holding that imputed disqualification of a prosecutor's office is warranted only when a conflict renders it unlikely that the trial would be fair absent disqualifying the entire prosecutor's office and that the district court has discretion in deciding motion to disqualify prosecutor's office).

Fifth, Perez argues that the district court abused its discretion in denying his motion to dismiss the indictment. We previously addressed this issue in *Perez v. State*, Docket No. 65475 (Order Denying Petition, May 1, 2014), and Perez is barred from relitigating this claim by the law-of-the-case doctrine, *see Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975).

Sixth, Perez argues that the district court abused its discretion in refusing to suppress evidence of his jail phone calls. Perez has failed to support his contentions with cogent argument or pertinent legal authority, and we therefore decline to address this issue. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1986).

Seventh, Perez argues that the State violated his rights to due process by providing inadequate notice of its expert on crime scene

analysis. We conclude that the district court did not abuse its discretion when Perez had notice that the named expert or his designee would testify, Perez was on notice that the named expert or designee would testify as a crime-scene-analysis expert, and the designee had the same expertise as the named expert. *See Manning v. State*, 131 Nev., Adv. Op. 26, 348 P.3d 1015, 1021 (2015); *Perez v. State*, 129 Nev. 850, 856, 313 P.3d 862, 866 (2013).

Eighth, Perez argues that the district court erred in granting the State's motion to strike the third amended indictment. Perez has failed to cogently argue how the district court erred by striking the third amended indictment as remedying a clerical error beyond his vague suggestion that the State's mistake "could also be considered to be a decision the State made that it now must live with." Accordingly, we decline to address this issue. *See Maresca*, 103 Nev. at 673, 748 P.2d at 6.

Ninth, Perez argues that the district court abused its discretion in rejecting his proposed jury instructions. We review the district court's broad discretion in settling jury instructions for an abuse of discretion or judicial error. *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). We agree with the district court that the proposed instruction on reasonable doubt was not allowed under NRS 175.211(2) and that the two-reasonable-interpretations instruction was not required as a matter of law because the district court had properly instructed the jury on reasonable doubt, *see Bails v. State*, 92 Nev. 95, 97, 545 P.2d 1155, 1156 (1976). Accordingly, we conclude that this claim lacks merit.

Tenth, Perez argues that the district court abused its discretion in admitting evidence of prior bad acts relating to two earlier

domestic batteries because those acts were not proven by clear and convincing evidence. Having reviewed the record, we conclude that the district court did not abuse its discretion in finding that the July 2010 and January 10, 2011, incidents had been shown by clear and convincing evidence.[2] *See Mclellan v. State*, 124 Nev. 263, 269, 182 P.3d 106, 110 (2008).

Eleventh, Perez argues that the State committed prosecutorial misconduct by challenging the victim's credibility and asking the jury to consider prior-bad-act evidence as propensity evidence. As the State's discussion of the victim's credibility hewed to the evidence presented and reasonable inferences from it, we conclude that was proper argument. *See Klein v. State*, 105 Nev. 880, 884, 784 P.2d 970, 973 (1989) (explaining that it is entirely proper for the prosecutor to argue the evidence presented to the jury, reasonable inferences that may be drawn from the evidence, and witness credibility). And the State's discussion of the January 10, 2011, incident did not improperly argue that the prior act demonstrated a propensity in Perez's character, *see* NRS 48.045(2), but rather rebutted Perez's argument that he lacked the requisite intent and was thus argued for a purpose for which the district court had admitted it. We conclude that Perez's prosecutorial misconduct claim fails.

---

[2]To the extent that Perez may have asserted a limiting-instruction error, he has failed to argue that such error actually occurred, and thus we decline to address that issue. *Maresca*, 103 Nev. at 673, 748 P.2d at 6. We also note that Perez impermissibly raised several new challenges in his reply brief and decline to consider them. NRAP 28(c); *Talancon v. State*, 102 Nev. 294, 302 n.4, 721 P.2d 764, 769 n.4 (1986).

Twelfth, Perez argues that cumulative error warrants relief. There are not multiple errors to cumulate. *See United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000).

For the reasons discussed above, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Stiglich

cc:     Hon. Carolyn Ellsworth, District Judge
        Clark County Public Defender
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk