# IN THE SUPREME COURT OF THE STATE OF NEVADA

DONOVAN JOSEPH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74770

**FILED**

OCT 11 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Donovan Joseph's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Stefany Miley, Judge. Joseph argues that he received ineffective assistance from trial and appellate counsel. We disagree and affirm.[1]

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted.

18-39997

P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690. We give deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Joseph first argues that trial counsel should have challenged the trial court's failure to give a limiting instruction on res gestae evidence where both parties agreed in pretrial pleadings that such an instruction was warranted. Following pretrial motions on the admissibility of evidence that Joseph took the victim's clothing from his hotel room after she fled the room naked and hid the clothes in an access panel located in the stairwell eight floors above his room, the trial court ruled that the evidence was admissible as res gestae. Where res gestae evidence is admitted, a cautionary instruction indicating the reason for admitting the evidence shall be given upon request. NRS 48.035(3). Trial counsel testified at the postconviction evidentiary hearing that the defense wanted an instruction, the parties agreed during the pretrial litigation that it was appropriate, and the district court appeared willing to give such an instruction, but that counsel overlooked the issue at trial and failed to request the instruction. Based on this testimony, Joseph proved deficient performance. Joseph, however, has not shown prejudice—a reasonable probability of a different outcome—because an instruction telling the jury the clothing evidence was admitted to show the complete story of events would not diminish the evidence's probative value. Appellate counsel was not ineffective in omitting an appellate claim based on the absence of this instruction because the

instruction is only mandatory where requested, and trial counsel had not requested the instruction. The district court therefore did not err in denying these ineffective-assistance claims.

Joseph next argues that trial counsel should have challenged the State's sexual-assault-nurse-examiner (SANE) expert as improperly noticed where the nurse's curriculum vitae was not provided until the day of trial. A party intending to call an expert witness must provide the opposing party with a copy of that witness's curriculum vitae at least 21 days before trial. NRS 174.234(2)(b), *held unconstitutional on other grounds by Grey v. State*, 124 Nev. 110, 178 P.3d 154 (2008). Even if counsel's performance was deficient, Joseph has not shown prejudice where (1) an objection would not have necessitated exclusion of the nurse's testimony given the several remedial options available to the trial court short of excluding the witness, *see* NRS 174.234(3)(b); *Grey*, 124 Nev. at 119-20, 178 P.3d at 161 (providing that, as a remedy for an inadequately noticed expert witness, a court may prohibit the expert from testifying, grant a continuance, or order other relief as it deems appropriate); (2) trial counsel did not consider the late disclosure a sufficient hindrance to request a continuance, *see id.* at 120, 178 P.3d at 161 (considering factors in assessing whether inadequate notice of an expert affected the defendant's substantial rights); (3) the State had properly noticed another nurse who was available to testify as to her own independent conclusions on the SANE report;[2] and

---

[2]Joseph's argument that another expert would not have been permitted to testify regarding the SANE report pursuant to *Bullcoming v. New Mexico*, 564 U.S. 647 (2011), fails. *Bullcoming* prohibited the admission of a *testimonial report* where the report's author did not testify, 564 U.S. at 652—to be distinguished from a situation where a different

SUPREME COURT
OF
NEVADA

(O) 1947A

(4) trial counsel considered the nurse's testimony so lacking in credibility, and thus non-prejudicial, that a defense expert was not warranted to rebut it. Joseph has also not shown that appellate counsel was ineffective in omitting this issue, as Joseph has not shown that the State acted in bad faith or that a different verdict would have resulted had the testimony been excluded or proper notice been given. *See Mitchell v. State*, 124 Nev. 807, 818-19, 192 P.3d 721, 729 (2008). The district court therefore did not err in denying this claim.

Joseph next argues that trial counsel should have challenged the State's misstatement of the semen evidence in its closing argument. The State represented that the DNA analyst found semen on the victim's vaginal, cervical, and anal swabs. At trial, the DNA analyst testified that a first test indicated the presence of semen, warranting a secondary test for the presence of sperm. The analyst testified, "on that second test we were looking for sperm, and all three [samples] were also negative for sperm as well as the initial semen indication." The testimony is ambiguous as to whether the second test decisively rejected the presence of both sperm and semen or just sperm while affirming the initial positive indication of semen. Neither party followed up to clarify whether the presence of semen was excluded based on the second test.[3] As the testimony was ambiguous, the

_____

expert witness was asked for an independent opinion based on reports that are not themselves admitted, *id.* at 673 (Sotomayor, J., concurring in part). *See generally Vega v. State*, 126 Nev. 332, 340, 236 P.3d 632, 638 (2010) (holding that expert's independent opinion did not violate the Confrontation Clause even though the reports it was based upon would)

[3]Joseph has not included the report that was the basis of this testimony in his appendix. *See* NRAP 30(b)(3); *Greene v. State*, 96 Nev. 555,

State made permissible inferences from it, and an objection would have been futile. *See Klein v. State*, 105 Nev. 880, 884, 784 P.2d 970, 973 (1989) (explaining that it is proper for the prosecutor to argue reasonable inferences that may be drawn from the evidence). While the district court clearly erred in finding that trial counsel acknowledged that semen was found on the victim's underwear, Joseph nevertheless has not shown that trial counsel was ineffective. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) (holding that counsel is not ineffective for omitting futile claims); *Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal."). The district court therefore did not err in denying this claim.

Joseph next argues that trial counsel should have challenged the State's misstatement of the door-lock and bar video evidence in its closing argument, arguing that the State misstated the number of minutes by which the hotel-door-lock records were inaccurate and that surveillance video from the "Mix Lounge" bar was played when it was not. As the hallway surveillance video showed when the door was open such that the jury had the correct timeline, the degree of error of the door-lock records was not material. As the State represented in the contested portion of argument that the bar video purportedly played was not relevant, that argument is likewise not material. Accordingly, Joseph has not shown deficient performance or prejudice. The district court therefore did not err in denying this claim.

---

558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant.").

Joseph next argues that trial counsel should have retained a medical expert to rebut the nurses' testimony. Trial counsel testified that he believed common sense rebutted several assertions the nurse made and undermined her credibility, such that a defense medical expert was not warranted. He also testified that he concluded that an expert was unnecessary because the victim's allegation that the sexual assault followed a violent struggle was undermined by evidence that the hotel room was undisturbed, that the victim had a sexual encounter earlier that evening with a third party, and that showed other inconsistencies with the victim's account. Further, trial counsel considered calling Joseph's childhood friend who is a medical doctor (and who testified at the postconviction evidentiary hearing) but declined to do so because the risk of impeachment on bias was too great. Insofar as Joseph argues that trial counsel should have explained the victim's behavior through her history of panic attacks, trial counsel knew of that history, concluded that it was not relevant, and declined to pursue that theory in developing the defense strategy. Decisions regarding what witnesses to call or defenses to develop are tactical decisions that rest with counsel, *Rhyne v. State,* 118 Nev. 1, 8, 38 P.3d 163, 167 (2002), and counsel's tactical decisions are virtually unchallengeable, absent a showing of extraordinary circumstances, which Joseph has not made, *see Lara v. State,* 120 Nev. 177, 180, 87 P.3d 528, 530 (2004). The district court therefore did not err in denying this claim.

Joseph next argues that trial counsel should not have characterized the case as a he-said-she-said case during jury selection because he was then prejudiced by not testifying. The record belies Joseph's framing. Trial counsel asked the potential jurors if they would respect a defendant's right to remain silent in a hypothetical he-said-she-said case.

Trial counsel did not represent or imply that Joseph would testify, but rather properly examined potential jurors for their abilities to observe the presumptions that due process requires. *See Johnson v. State*, 122 Nev. 1344, 1354, 148 P.3d 767, 774 (2006) (observing that the purpose of jury selection is to determine whether the jurors will consider the facts impartially and apply the law as charged by the trial court); *cf. United States v. Udo*, 795 F.3d 24, 27, 30 (D.C. Cir. 2015) (considering whether counsel was ineffective for implying that the defendant would testify by characterizing the case as a he-said-she-said case during opening statement). Joseph has not shown deficient performance or prejudice on this ground. The district court therefore did not err in denying this claim.

Joseph next argues that trial counsel should not have reserved his opening statement until immediately before the defense case. Trial counsel testified that, as a tactical matter, he typically reserves his opening statement so that he can address the evidence that the State has presented. Defense counsel has the right to reserve opening statement until immediately before presenting the defense case, NRS 175.141(2), and Joseph has not shown extraordinary circumstances warranting a challenge to counsel's tactical decision. The district court therefore did not err in denying this claim.

Joseph next argues that the State withheld material, exculpatory evidence by failing to produce video of the victim and a third party engaging in escalating romantic activity at a bar. This claim could have been raised on direct appeal and is thus waived absent a showing of good cause and actual prejudice, which Joseph has not made. *See* NRS 34.810(1)(b)(2); *State v. Huebler*, 128 Nev. 192, 198, 275 P.3d 91, 94-95 (2012). The district court therefore did not err in denying this claim.

Lastly, Joseph argues that multiple instances of deficient performance cumulate to warrant relief. Assuming that counsel's failure to challenge an inadequately noticed expert witness was deficient, Joseph has identified only that omission and trial counsel's failure to request a limiting instruction on res gestae evidence. Even if multiple deficiencies may be cumulated to demonstrate prejudice, as the prejudice related to each instance of deficient performance was meager, Joseph has failed to show that their cumulative impact warrants relief. *See McConnell v. State*, 125 Nev. 243, 259 & n.17, 212 P.3d 307, 318 & n.17 (2009). The district court therefore did not err in denying this claim.

Having considered Joseph's contentions and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc: Hon. Stefany Miley, District Judge
Resch Law, PLLC d/b/a Conviction Solutions
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk