IN THE SUPREME COURT OF THE STATE OF NEVADA

GARY CONWAY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75222

FILED

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of sexual assault and two counts of lewdness with a child under the age of fourteen.[1]  Fifth Judicial District Court, Esmeralda County; Kimberly A. Wanker, Judge.  Appellant Gary Conway raises four main contentions on appeal.

Conway first argues that the district court erred by restricting his argument during closing that law enforcement did not act on information that there was no lock on the door to the room the victim previously claimed she locked herself into to hide from Conway.  Because trial testimony directly supported the facts underlying the defense argument, we agree that the district court abused its discretion in restricting that argument and instructing the jury to disregard it.  *See Glover v. Eighth Judicial Dist. Court*, 125 Nev. 691, 704-05, 220 P.3d 684, 693-94 (2009) (reviewing a district court's rulings involving counsel's latitude during closing argument for an abuse of discretion and requiring

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

district courts to permit defense counsel to argue any reasonable inference supported by the record facts). Although the court later stated that the jurors could rely on their specific recollection of the witness's testimony, it did so only at a sidebar outside the jury's presence. Nonetheless, the error was harmless beyond a reasonable doubt, and reversal is therefore not warranted. *See Valdez v. State*, 124 Nev. 1172, 1189, 196 P.3d 465, 476 (2008) (holding that where an error is constitutional, this court "will reverse unless the State demonstrates, beyond a reasonable doubt, that the error did not contribute to the verdict").[2] In particular, during trial, the victim admitted to lying about hiding from Conway in the locked room, pictures of the doorknob were admitted into evidence, and Conway made several other arguments during his closing about the door not having a lock and the State's inadequate investigation.

Second, Conway argues that the State committed numerous instances of prosecutorial misconduct during closing argument. "When considering claims of prosecutorial misconduct, this court engages in a two-step analysis. First, we must determine whether the prosecutor's conduct was improper. Second, if the conduct was improper, we must determine whether the improper conduct warrants reversal." *Id.* at 1188, 196 P.3d at 476.

_____

[2]We reject Conway's argument that this was structural error. *See Cortinas v. State*, 124 Nev. 1013, 1023-24, 195 P.3d 315, 322-23 (2008) (explaining the narrow circumstances where a district court commits structural error).

We conclude that four of Conway's claims of prosecutorial misconduct—that the State made improper burden-shifting arguments, that it improperly commented on Conway's decision not to testify, that it improperly characterized a lay witness as an expert, and that it made inappropriate comments regarding taxpayer and fiscal concerns related to investigations of sexual assault claims—do not constitute misconduct. First, Conway's sustained objections prevented the State from presenting any potentially improper burden-shifting argument to the jury. Second, the State did not improperly comment on Conway's decision not to testify when it argued that the victim's testimony was "uncontroverted from the stand." Rather, it was a permissible comment referencing the State's rendition of the evidence and its theory that the victim gave consistent testimony regarding the sexual acts performed by Conway, despite the victim's admission that she lied about other facts. *See Taylor v. State*, 132 Nev. 309, 324, 371 P.3d 1036, 1046 (2016) (concluding that State arguments indicating an opinion, belief, or knowledge as to the guilt of the accused are permissible when made as a deduction or conclusion from the evidence proffered during trial); *Harkness v. State*, 107 Nev. 800, 803, 820 P.2d 759, 761 (1991) (recognizing that a State's indirect comment on a defendant's right against self-incrimination is improper only when "manifestly intended to be or was of such a character that the jury would naturally and necessarily take it to be comment on the defendant's failure to testify" (quoting *United States v. Lyon*, 397 F.2d 505, 509 (7th Cir. 1968))); *State v. Scutchings*, 759 N.W.2d 729, 732 (N.D. 2009) (noting that because the prosecutor is permitted to highlight inconsistencies between the parties' accounts, a State's unrefuted-evidence comment following a defendant's presentation of *multiple witnesses* could reasonably be construed as geared

toward defense witnesses and not toward the defendant's decision not to testify). Third, the State's reference to its non-expert forensic interviewer as a "trained observer" did not improperly characterize the witness as an expert; the comment was a fair inference from the evidence because the witness testified to her background and training and indeed observed the victim when conducting the victim's forensic interview. *See Klein v. State*, 105 Nev. 880, 884, 784 P.2d 970, 973 (1989) (reiterating that the State is permitted to ask the jury to draw reasonable inferences from the evidence). Finally, we disagree that the State's comments on fiscal concerns constituted prosecutorial misconduct as the State was directly responding to Conway's closing argument regarding the State's purported investigative failures. *See Greene v. State*, 113 Nev. 157, 178, 931 P.2d 54, 67 (1997) (recognizing the appropriateness of rebuttal arguments that directly respond to issues raised by the defense's closing), *receded from on other grounds by Byford v. State*, 116 Nev. 215, 235, 994 P.2d 700, 713 (2000).

We agree with Conway, however, that the State committed prosecutorial misconduct by referring to Conway's attorneys as "highly paid." The comment improperly disparaged Conway's counsel and argued facts not in evidence. Nevertheless, we conclude that this instance of prosecutorial misconduct was harmless because the district court sustained Conway's objection and issued an immediate curative instruction. *See State v. Helm*, 66 Nev. 286, 303, 209 P.2d 187, 195 (1949) (finding improper a comment on defense counsel's fee, but not reversible error where an objection was lodged and the jury admonished), *overruled on other grounds by Culverson v. State*, 106 Nev. 484, 797 P.2d 238 (1990); *Summers v. State*, 122 Nev. 1326, 1333, 148 P.3d 778, 783 (2006) (noting the general presumption that "juries follow district court orders and instructions").

Third, Conway argues that the State presented insufficient evidence to support his convictions. Viewing the evidence in the light most favorable to the State, our review of the record on appeal reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008). The victim testified that while living with Conway, he groped and sexually molested her on multiple occasions inside his house, which she disclosed to a Division of Child and Family Services worker, a forensic interviewer, and the court during a preliminary hearing. *See LaPierre v. State*, 108 Nev. 528, 531, 836 P.2d 56, 58 (1992) (recognizing that a victim's testimony alone is enough to support a conviction for sexual assault so long as it contains some particularity to provide reliable indicia that the number of charged acts occurred); *Franks v. State*, 135 Nev., Adv. Op. 1, 432 P.3d 752, 757 (2019) (reiterating that "a lewdness victim's testimony need not be corroborated" to support a conviction); NRS 201.230 (elements of lewdness); NRS 200.366 (elements of sexual assault). The fact that Conway presented evidence challenging the victim's veracity does not change this conclusion. *See Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975) ("[I]t is the function of the jury, not the appellate court, to weigh the evidence and pass upon the credibility of the witness.").

Fourth, Conway argues that cumulative error warrants reversal. Although the charges are grave and primarily supported only by the victim's testimony such that the issue of guilt was close, we conclude that the two identified errors did not have a cumulative impact on the jury's verdict or deprive Conway of a fair trial as the errors' character was not significant in light of the entire trial record. *See Valdez*, 124 Nev. at 1195,

196 P.3d at 481 (considering whether guilt was close, the quantity and character of any errors, and the gravity of the crime charged as relevant factors in cumulative error claims). Accordingly, we

ORDER the judgment of conviction AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.
Stiglich

_____, Sr. J.
Douglas

cc:    Hon. Kimberly A. Wanker, District Judge
Cofer & Geller, LLC
Attorney General/Carson City
Esmeralda County District Attorney
Esmeralda County Clerk

---

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.