# IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY RICHARDSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79913

FILED

DEC 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit burglary, burglary while in possession of a firearm, conspiracy to commit robbery, two counts of attempted robbery with the use of a deadly weapon, conspiracy to commit kidnapping, two counts of first-degree kidnapping with the use of a deadly weapon, first-degree kidnapping with the use of a deadly weapon resulting in substantial bodily harm, attempted murder with the use of a deadly weapon, and two counts of battery with the use of a deadly weapon resulting in substantial bodily harm.[1] Eighth Judicial District Court, Clark County; William D. Kephart, Judge.

First, appellant argues that the district court erred by denying his motion for a mistrial based on improper communications between the court marshal and Juror No. 5—the sole African-American male juror on the panel—and the juror's ultimate excusal. We review for an abuse of discretion, *see McKenna v. State*, 114 Nev. 1044, 1055, 968 P.2d 739, 746 (1998) ("Denial of a motion for a mistrial is within the sound discretion of

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

20-45513

the district court, and that ruling will not be reversed absent a clear showing of abuse of discretion."), and disagree.

We conclude that the district court did not err in denying appellant's motion for a mistrial because the marshal's communications with the juror neither related to the evidence nor the marshal's opinion regarding the case, but rather involved safety concerns that were within the purview of the marshal's security duties. *See* NRS 3.310(3) (providing that a court marshal is charged with "preserv[ing] order in the court," and with other duties as required by the district court); *Lamb v. State*, 127 Nev. 26, 43-45, 251 P.3d 700, 711-13 (2011) (explaining the test for determining whether a mistrial is warranted based on extrinsic communications with a juror); *see also United States v. Albert*, 595 F.2d 283, 290-91 (5th Cir. 1979) (holding that the district court did not abuse its discretion in refusing to grant a new trial based on statements made between the United States marshals and some jurors concerning the length of deliberations because the statements did not relate to the evidence or the marshals' view of the evidence, the district court held a thorough hearing before making a decision, and substantial evidence supported the district court's decision). Further, appellant fails to demonstrate that the communications were the ultimate basis for the juror requesting to be excused from the jury.

In a related claim, appellant argues that the district court erred in denying his second motion for a mistrial based on the procedure the district court used to excuse Juror No. 5. After individually questioning the jurors as to whether they saw something in the courtroom that would affect their impartiality, the district court excused Juror No. 5 in front of the other jurors upon reconvening open court. Appellant asserts that the district court should have then questioned the jurors after excusing Juror No. 5 to

determine if the excusal of Juror No. 5 affected them. Appellant argues that these procedures tainted the jury. We review for an abuse of discretion, *see McKenna*, 114 Nev. at 1055, 968 P.2d at 746, and disagree. Appellant fails to support his argument with any caselaw requiring that each remaining juror be questioned after another juror has been excused, *see Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."), and fails to demonstrate any specific for-cause challenge to the remaining jurors, *see* NRS 16.050 (outlining the grounds for challenges for cause). Moreover, appellant has not demonstrated that the procedures resulted in any partial juror continuing to serve on the jury. *See Weber v. State*, 121 Nev. 554, 581, 119 P.3d 107, 125 (2005) (holding that a district court's error in denying appellant's challenges for cause did not result in a due process violation requiring reversal because these prospective jurors were not empaneled and appellant failed to "establish that any of the jurors who [ultimately] sat in judgment against him were not fair or impartial"), *rejected on unrelated grounds by Farmer v. State*, 133 Nev. 693, 405 P.3d 114 (2017).

Second, appellant argues that the district court erred in denying his third motion for a mistrial based on a detective's testimony referencing appellant's record. We review for an abuse of discretion, *see McKenna*, 114 Nev. at 1055, 968 P.2d at 746, and disagree. In testifying that he found appellant through a records search, the detective merely explained how authorities were able to find appellant. The detective did not indicate the types of records he reviewed, and this point was not emphasized. The jury could not reasonably infer from the brief testimony that the detective was talking about appellant's criminal history. *See*

SUPREME COURT
OF
NEVADA

(O) 1947A

3

*Witherow v. State*, 104 Nev. 721, 724, 765 P.2d 1153, 1155 (1988) ("The test for determining a reference to prior criminal history is whether the jury could reasonably infer from the evidence presented that the accused had engaged in prior criminal activity.").

Moreover, any error in allowing the testimony was harmless in light of the overwhelming evidence adduced at trial, including appellant's relationship to the deceased other suspect, cell phone records placing him near the crime scene before and after the robbery attempt, and video surveillance of the neighboring establishments showing a suspect making calls at times that coincided with these phone records on a phone that appellant conceded he possessed. And, other witnesses testified that they spoke with appellant on that phone minutes after the robbery. Further, one of the victims identified appellant as one of the perpetrators at trial. *See Newman v. State*, 129 Nev. 222, 236, 298 P.3d 1171, 1181 (2013) (providing erroneous admission of evidence harmless unless it had substantial and injurious effect on verdict).

Third, appellant argues that the district court erred by admitting a jail phone call that he made the night before voir dire where he stated to a third party that he told his girlfriend that it was her right to "plead the fifth." We review for an abuse of discretion, *see McLellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) ("We review a district court's decision to admit or exclude evidence for an abuse of discretion."), and we conclude that the district court did not abuse its discretion by admitting the evidence as consciousness of guilt because appellant's comments could be interpreted as attempting to influence a witness. *See Abram v. State*, 95 Nev. 352, 356, 594 P.2d 1143, 1145 (1979) ("Declarations made after the commission of the crime which indicate consciousness of guilt, or are

inconsistent with innocence, or tend to establish intent may be admissible."); *see also United States v. Hammond*, 781 F.2d 1536, 1540 (11th Cir. 1986) ("Courts may consider evidence of attempts to influence a witness as relevant in showing a consciousness of guilt.").

Fourth, appellant argues that there was plain error throughout the trial because the State referred to the incident as a robbery and the defendants as robbers. We conclude that the comments did not affect appellant's substantial rights. *See* NRS 178.602 ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). Arguably, the State misstated these terms in a technical sense because the suspects did not complete the robbery; however, the distinction is subtle and relatively minor in light of the fact that appellant was charged with robbery-related crimes, and overwhelming evidence supported those and the other crimes for which he was charged. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (imposing a burden on defendant to show "actual prejudice or a miscarriage of justice" for plain error to exist); *Bennett v. State*, 111 Nev. 1099, 1105, 901 P.2d 676, 680 (1995) (finding that technical misstatements of evidence did not infect the trial with unfairness sufficient to result in a due process violation).

Fifth, appellant argues plain error due to the State's failure to pause the surveillance video inside the store at the moment where the jury could see a close-up of the suspect's face when he fled the crime scene. Appellant fails to demonstrate any error that is clear from "a casual inspection of the record," *Patterson v. State*, 111 Nev. 1525, 1530, 907 P.2d 984, 987 (1995), and resulted in "actual prejudice or a miscarriage of justice," *Green*, 119 Nev. at 545, 80 P.3d at 95. The surveillance video was admitted and played at times during the trial to show what happened, not

to identify appellant as the perpetrator shown on the video. Other evidence and eyewitness testimony was used to identify appellant as one of the two perpetrators. And appellant had the opportunity to address the contents of the video during the trial, including whether appellant could be identified from the video. Appellant has not demonstrated plain error.

Sixth, appellant argues that the sentence imposed by the district court on Count 9 was excessively harsh, so as to shock the conscience. We review for an abuse of discretion, *see Martinez v. State*, 114 Nev. 735, 737-38, 961 P.2d 143, 145 (1998) ("The sentencing judge is accorded wide discretion in imposing a sentence; absent an abuse of discretion, this court will not disturb the district court's determination on appeal."), and disagree. In sentencing appellant, the judge considered the sentencing memorandum and letters to the court provided by the victims; the violent nature of the crime, with multiple victims receiving life-threatening bullet wounds; that this was not appellant's first violent robbery attempt; and appellant's lack of remorse. *See Silks v. State*, 92 Nev. 91, 93-94, 545 P.2d 1159, 1161 (1976) (noting that "[t]he sentencing proceeding is not a second trial and the court is privileged to consider facts and circumstances which clearly would not be admissible at trial" so long as such information is not founded "on facts supported only by impalpable or highly suspect evidence"); *Denson v. State*, 112 Nev. 489, 492, 915 P.2d 284, 286 (1996) ("Possession of the fullest information possible concerning a defendant's life and characteristics is essential to the sentencing judge's task of determining the type and extent of punishment."). Moreover, appellant's sentence for Count 9 was within statutory parameters for this offense, *see* NRS 200.320 (providing the penalties for first-degree kidnapping), and such sentences typically do not constitute cruel and

Supreme Court
of
Nevada

(O) 1947A

6

unusual sentences, *see Glegola v. State*, 110 Nev. 344, 348, 871 P.2d 950, 953 (1994) (noting that this court does not encroach lightly on the Legislature's domain to determine punishments for crimes, and thus, a sentence within statutory parameters does not normally qualify as cruel and unusual punishment); *Solem v. Helm*, 463 U.S. 277, 289-90 (1983) (noting that outside the context of capital punishment cases, challenges to the proportionality of sentences rarely succeed). Having considered appellant's claims and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.[2]

_____ *Pickering*_____, C.J.
Pickering

_____ *Gibbons*_____, J.
Gibbons

_____ *Stiglich*_____, J.
Stiglich

cc: Hon. William D. Kephart, District Judge
Lowe Law LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

_____

[2]We need not address appellant's cumulative-error argument, as there were not multiple errors. *See Big Pond v. State*, 101 Nev. 1, 3, 692 P.2d 1288, 1289 (1985) (analyzing cumulative error); *see also United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000) (noting that cumulative error requires more than one error).

