RODRIGO P. COSIO, Appellant, *v.* THE STATE
OF NEVADA, Respondent.

No. 19976

May 30, 1990                    793 P.2d 836

*David Parraguirre,* Public Defender, *Jane McKenna,* Deputy
Public Defender, Washoe County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,*
District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count of perjury.

### FACTS

Appellant sued for divorce in Nevada in 1981. During the divorce proceeding, appellant testified that he came to Washoe County on August 20, 1981, with the intention of making Nevada his home. Records of the United States Immigration Service, however, indicate that appellant was issued a visa in Frankfurt, West Germany on August 24, 1981, and that he entered the United States on September 8, 1981. Based on this discrepancy, an information was filed in August 1988, charging appellant with perjury.

Before the commencement of the perjury trial, the state filed a motion *in limine* to preclude anticipated testimony concerning appellant's reliance on the advice of counsel during the divorce proceeding. After a hearing, the district court granted the state's motion, but ruled that appellant would be permitted to make a further offer of proof at trial.

Arthur Wehrmeister, appellant's immigration attorney, was called as a defense witness at trial. Out of the jury's presence, an offer of proof was made concerning a statement by appellant to an immigration examiner in 1981. Wehrmeister overheard that statement. Out of the jury's presence, Wehrmeister testified that appellant stated:

> I didn't know anything about 42 days residence requirement, because my lawyer never told me there was any such requirement. I only met my lawyer one time an hour before we went into court. And I did what my lawyer told me to do. I did not know that any of that was illegal.

The state conceded that appellant's stated ignorance of the divorce laws was relevant on the issue of criminal intent. The

district court then ruled that Wehrmeister would be permitted to testify before the jury, but no reference could be made to appellant's reliance on counsel's advice or ignorance of the law. Wehrmeister testified before the jury that appellant stated:

I did not know anything about a 42 day residency requirement in the state of Nevada, because my lawyer never told me there was any such requirement.

Trial counsel also made an offer of proof that appellant's divorce attorney told other clients that it was not necessary to be a Nevada resident in order to obtain a divorce in Nevada. The district court excluded that evidence.

On February 10, 1989, appellant was convicted, pursuant to a jury verdict, of one count of perjury. The district court sentenced appellant to one year in the Nevada State Prison. The sentence was suspended and appellant was placed on probation for three years. This appeal followed.

## DISCUSSION

Appellant contends that the district court erred in excluding evidence that his divorce counsel advised other clients that it was not necessary to be a Nevada resident in order to obtain a divorce in this state. We disagree. Under the circumstances of this case, proper evidence of such advice would have been relevant to show appellant's lack of intent. Nevertheless, appellant failed to make a proper offer of proof. Therefore, it was within the district court's discretion to refuse to admit the evidence.

Appellant contends that the district court erred in excluding evidence of his reliance on his counsel's advice. Specifically, appellant argues that by excluding the evidence, the district court deprived him of the opportunity to present his theory of defense to the jury, because the evidence went to disprove the elements of corruption and willfulness.[1] Appellant claims that he was therefore deprived of his right to due process. We agree.

---

[1]In 1981, NRS 199.120 provided in part:

Every person having taken a lawful oath or made affirmation in a judicial proceeding or in any other matter where, by law, an oath or affirmation is required and no other penalty is prescribed, or who willfully and corruptly makes an unqualified statement of that which he does not know to be true, or who swears or affirms willfully, corruptly and falsely in a matter material to the issue in question . . . is guilty of perjury . . . and shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years, and may be further punished by a fine of not more than $10,000.

1979 Nev. Stats. ch. 655, § 13, at 1420.

This court has previously held that the due process clauses of our constitutions guarantee a defendant "the right to introduce into evidence any testimony or documentation which would tend to prove the defendant's theory of the case." Vipperman v. State, 96 Nev. 592, 596, 614 P.2d 532, 534 (1980). Appellant's theory of defense was that he lacked the intent necessary for a perjury conviction. While reliance on the advice of counsel does not constitute a separate defense, under certain circumstances it may be relevant to show a defendant's intent. *See* Adler v. State, 95 Nev. 339, 346, 594 P.2d 725 (1979). Here, evidence of appellant's reliance on his counsel's advice would clearly have tended to prove his theory of the case, *i.e.,* his lack of intent. Appellant was therefore entitled to present this evidence to the jury. The district court's failure to allow appellant to do so constituted error.

The jury, if presented with this additional evidence to support appellant's theory of defense, might have reached a different conclusion. We are therefore unable to conclude that the error was harmless. Accordingly, we reverse the judgment of conviction and remand this case to the district court for a new trial.