IN THE SUPREME COURT OF THE STATE OF NEVADA

OLAITAN CHRISTIAN OGUNBANWO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79723

FILED

SEP 1 6 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of seven counts of discharging a firearm from or within a structure or vehicle and one count of battery with a deadly weapon resulting in substantial bodily harm.[1] Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge. The district court sentenced appellant to an aggregate term of 36-90 months, with all counts running concurrently. Appellant raises numerous issues on appeal.

Appellant first argues that the State presented insufficient evidence to support his conviction. As to the seven counts of discharging a firearm in a vehicle or a structure located in a designated populated area, we agree. Although evidence of the grocery store's address and occupied status was admitted, no evidence indicating an ordinance designating the area as populated was offered, admitted, or judicially noticed. *See* NRS

---

[1]Pursuant to NRAP 34(f)(1), we conclude that oral argument is not warranted.

21-26877

202.287(1)(b) (prohibiting discharging a firearm in a structure "within an area designated by city or county ordinance as a populated area for the purpose of prohibiting the discharge of weapons"). Therefore, the evidence was insufficient to support appellant's convictions on the discharging-a-firearm counts, and we reverse those convictions.[2] However, we disagree as to appellant's sufficiency-of-the-evidence challenge on the remaining count. The evidence adduced at trial showed that appellant shot the unarmed victim multiple times, including approximately four times in the back as the victim was turning away. The evidence further showed that the shots left the victim with lasting damage from bullets that impacted his vertebrae. *See* NRS 200.481 (providing definition and penalties for battery with use of a deadly weapon resulting in substantial bodily harm); *see Origel-Candid v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998) (holding that in reviewing sufficiency-of-the-evidence challenges, "the relevant inquiry is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (internal quotation marks omitted)).

Next, appellant argues that the district court erroneously excluded the testimony of his use-of-force-expert witness, Byron Brooks. We review for an abuse of discretion, *see Mulder v. State*, 116 Nev. 1, 12-13, 992 P.2d 845, 852 (2000) ("Whether expert testimony will be admitted, as well as whether a witness is qualified to be an expert, is within the district

---

[2]Because we reverse those convictions, we need not address appellant's other arguments regarding them.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

court's discretion, and this court will not disturb that decision absent a clear abuse of discretion."), and disagree. Appellant did not demonstrate that Brooks' testimony would assist the trier of fact, given that his qualifications and experience were limited to cases involving law enforcement, not civilians. *See Hallmark v. Eldridge*, 124 Nev. 492, 498, 189 P.3d 646, 650 (2008) (listing the requirements for expert testimony). Indeed, Brooks conceded on cross-examination that he was unsure how his experience would relate to appellant's case.

We similarly reject appellant's argument that the district court abused its discretion by limiting Dr. Norton Roitman's testimony. *See Mulder*, 116 Nev. at 12-13, 992 P.2d at 852. Appellant sought to introduce the statements he made to Dr. Roitman, a certified criminal psychologist, regarding self-defense during the course of a psychiatric examination, but the district court excluded them as improper hearsay. Appellant argues that his statements were nonhearsay, because he testified at trial and the State cross-examined him; that Dr. Roitman relied on these statements in forming his opinion; and that they constituted admissible prior consistent statements. While true that appellant testified and the State cross-examined him, appellant has not demonstrated that he made the statements before a motive to fabricate arose, or that Dr. Roitman relied on the statements to form a medical diagnosis or treatment plan.[3] *See* NRS

---

[3]Appellant cites several cases for the proposition that a defendant's out-of-court statements are admissible as nonhearsay to provide a factual basis for an expert's opinion. However, these cases are distinguishable in that none concluded that a defendant's own out-of-court statements to his expert were admissible. *See Robinson v. G.G.C., Inc.*, 107 Nev. 135, 144,

51.035 (defining hearsay); NRS 51.115 (providing that "[s]tatements made for the purpose of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain or sensations, or the inception or general character of the cause or external source thereof" are admissible if "reasonably pertinent to diagnosis or treatment"); *Daly v. State*, 99 Nev. 564, 568-69, 665 P.2d 798, 802 (1983) ("Prior consistent statements, to be admissible under NRS 51.035(2)(b), must have been made at a time when the declarant had no motive to fabricate." (footnote omitted)), *holding modified on other grounds by Richmond v. State*, 118 Nev. 924, 59 P.3d 1249 (2002).

Next, appellant argues that the district court erred by failing to give a self-defense instruction on battery. As appellant failed to object below, we review for plain error. *Gonzalez v. State*, 131 Nev. 991, 997, 366 P.3d 680, 684 (2015) (reviewing for plain error where defendant did not object, even where the issue is of constitutional magnitude, such as instructions concerning a defendant's right to self-defense). Here, the

---

808 P.2d 522, 527-28 (1991) (concluding that a third-party's statements were admissible to show the effects on the listener); *In re Manigo*, 697 S.E.2d 629, 633-34 (S.C. Ct. App. 2010) (reasoning that an expert may rely on inadmissible information if it "is of the type reasonably relied upon in the field to make opinion" when holding that a forensic psychiatrist who evaluated a defendant could rely on information she learned from the defendant's sex offender treatment provider); *State v. Mohamed*, 375 P.3d 1068, 1072 (Wash. 2016) (excluding out-of-court statements made to an expert despite an argument that the expert relied on them in forming his opinion, because they were the defendant's own statements to the expert and they were the only statements on which the expert relied; thus, the statements were actually improperly offered for the truth of the matter asserted).

district court fully and accurately instructed the jury on self-defense, as the self-defense instructions directed the jury to consider all of the circumstances to determine whether appellant shot the victim because he maintained a reasonable belief that he was in imminent danger of death or great bodily harm and that self-protection was necessary. *See* NRS 200.200 (providing the requirements for self-defense to apply); NRS 200.275 (applying the self-defense requirements beyond homicide). Because the jury instructions were sound and the district court did not need to provide further instruction, appellant has not demonstrated that the district court's decision affected his substantial rights. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (defining plain error).

Appellant also argues that the district court erred by failing to change its earlier ruling excluding appellant's 911 call—on the basis that it was not an excited utterance—once the State opened the door to the call during its opening. Appellant does not cite relevant authority requiring the district court to sua sponte admit such evidence upon one party opening the door. Thus, we need not address this issue. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). Additionally, to the extent appellant challenges the district court's initial exclusion of the evidence, any error was harmless, as the district court admitted the 911 call during trial and appellant testified as to the call. *See* NRS 178.598 (defining harmless error); *Cosio v. State*, 106 Nev. 327, 330, 793 P.2d 836, 838-39 (1990) (analyzing the improper exclusion of evidence for harmless error).

Next, appellant argues that the State committed prosecutorial misconduct when the prosecutor purportedly attacked his credibility, defense theories, and expert. "When considering claims of prosecutorial misconduct, this court engages in a two-step analysis." *Valdez*, 124 Nev. at 1188, 196 P.3d at 476 (2008). "First, we must determine whether the prosecutor's conduct was improper. Second, if the conduct was improper, we must determine whether the improper conduct warrants reversal." *Id.* (footnotes omitted). Where, as here, appellant did not object below, this court reviews for plain error. *Id.* at 1190, 196 P.3d at 477. "Under that standard, an error that is plain from a review of the record does not require reversal unless the defendant demonstrates that the error affected his or her substantial rights, by causing actual prejudice or a miscarriage of justice." *Id.* (internal quotation marks omitted).

Here, we conclude that none of the prosecutor's statements was improper. Appellant first argues that the prosecutor improperly stated that fight or flight was not the law, thereby disparaging appellant's defense expert. However, the prosecutor merely pointed to the jury instructions on self-defense and stated that fight or flight was not the law, which was an accurate representation of the jury instructions. Further, appellant has not demonstrated that the statements affected his substantial rights, given that he does not challenge the lack of fight or flight instructions, and the self-defense instructions accurately encompassed the law on self-defense. *See Valdez*, 124 Nev. at 1190, 196 P.3d at 477. Regarding his argument that the prosecutor called him a liar, the prosecutor's comments were permissible arguments regarding credibility and inconsistencies between

appellant's previous statements and his testimony.[4] *See, e.g., Ross v. State*, 106 Nev. 924, 927, 803 P.2d 1104, 1106 (1990); *Klein v. State*, 105 Nev. 880, 883-84, 784 P.2d 970, 972-73 (1989).

As to appellant's argument that the prosecutor improperly stated that appellant was "running his mouth" when he came back into the store, a prosecutor can make reasonable inferences from the evidence adduced at trial. *Truesdell v. State*, 129 Nev. 194, 203, 304 P.3d 396, 402 (2013) (holding that a prosecutor may "assert inferences from the evidence and argue conclusions on disputed issues"). In this case, a video introduced at trial lacked sound but both parties agreed that appellant said something to the victim after he came back into the store. Further, appellant has not demonstrated that the district court's decision affected his substantial rights. The jury could watch the video and see appellant's mannerisms to decide for themselves whether he was "running his mouth off," and the district court instructed the jury that the prosecutor's comments were not evidence. *See Summers v. State*, 122 Nev. 1326, 1333, 148 P.3d 778, 783 (2006) (noting that juries are presumed to follow instructions).

Appellant also argues that the district court erroneously denied his pretrial petition for a writ of habeas corpus challenging the probable cause determination. We conclude that the jury verdict rendered any error harmless. *See Detloff v. State*, 120 Nev. 588, 596, 97 P.3d 586, 591 (2004) (observing that conviction at trial under beyond-a-reasonable-doubt burden

---

[4]Appellant argues that the prosecutor's comments improperly touched on the exercise of his constitutional rights, but he does not identify any such rights that were implicated. Thus, we do not address this issue. *See Maresca*, 103 Nev. at 673, 748 P.2d at 6.

 

of proof "cured any irregularities that may have occurred during the grand jury proceedings"); *see also Clay v. Eighth Judicial Dist. Court*, 129 Nev. 445, 449-50, 305 P.3d 898, 901 (2013) (explaining that a direct appeal from a final judgment of conviction may be an inadequate remedy for probable-cause-hearing errors because such errors are "likely to be harmless after a conviction"). Based on the foregoing, we

ORDER the judgment of conviction AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[5]

_____, C.J.
Hardesty

_____, J.          _____, Sr.J.
Stiglich                                              Gibbons

cc:  Hon. Tierra Danielle Jones, District Judge
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[5]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

(O) 1947A